In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00187-CR
______________________________


GUILLERMO MACIAS, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 03-0040X


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â In the early morning hours of January 10, 2003, after an argument inside a Harrison County
nightclub, Guillermo Macias retrieved a handgun from his truck in the parking lot, re-entered the
club, and pointed the gun at the bartender. Macias was tackled and pushed out the door, then
attacked and disarmed by a group of people that had followed him outside. He escaped to his truck
and began to leave as the police arrived. Despite orders to stop, Macias drove directly toward one
of the officers, forcing him to draw and fire his weapon. The shots missed, and Macias continued
to drive, sideswiping a patrol car and hitting another before officers managed to pull him from the
truck and place him in custody. 
Â Â Â Â Â Â Â Â Â Â Â Â At trial, a Harrison County jury found Macias guilty of both counts of the indictmentâcount
one being unlawful possession of a firearm by a felon and count two being unlawful possession of
a firearm on premises licensed for the sale of alcoholic beveragesâassessing punishment at ten
years' confinement and a $10,000.00 fine on each count. See Tex. Pen. Code Ann. Â§ 46.02 (Vernon
2003), Â§ 46.04 (Vernon Supp. 2004). On appeal, Macias contends (1)Â the trial court erred by not
allowing certain evidence for the purpose of impeaching a State's witness, (2) the evidence was
legally insufficient to support the allegations of the indictment's felon-in-possession count, and
(3)Â the trial court erred by overruling his objections to the jury charge. We overrule Macias' first
contention, sustain contention two, and need not reach contention three.
Â 
Â 
Impeachment
Â Â Â Â Â Â Â Â Â Â Â Â In his first point of error, Macias contends the trial court erred by excluding certain evidence
he alleges would have impeached one of the State's witnesses. On direct examination, Shane
Vincent testified that, after he tackled Macias and pushed him out of the nightclub, Macias struck
him with the butt of the gun, bloodying him and dropping him to his knees. When Vincent
recovered, Macias pointed the gun at Vincent's face, at which time the crowd, which had followed
them outside, overcame Macias and knocked the gun to the ground. Macias does not complain that
the evidence itself was inadmissible, but that he should have been permitted to impeach Vincent's
testimony by explaining to the jury that Vincent testified to the same effect in an earlier trial arising
from the same events and that the jury in that case found Macias not to have assaulted Vincent as
he claimed.


 Macias' trial counsel explained:
Â Â Â Â Â Â Â Â Â Â Â Â [DEFENSE COUNSEL]: . . . . What I want to show the Court is that, in
response to the State's question of this witness, did he point the gun at you, did he
threaten you, and were you afraid of serious bodily injury. That those particular
items in the named indictment, the named victim has been presented to a jury, and
a jury has found that not to be true.

Â Â Â Â Â Â Â Â Â Â Â Â THE COURT: What's your legal rationale for bringing in evidence from
that other case concerning this witness?

Â Â Â Â Â Â Â Â Â Â Â Â [DEFENSE COUNSEL]: Because they opened the door and asked the
direct question of an issue that a previous jury has decided. Let me cite the reason
why I say that. In another cause number out of the same event, same night, the
allegations in Count Two stated that he did then and there knowingly threaten[]
Shane Vincent, this individual, with imminent bodily injury and did then and there
exhibit a deadly weapon. That issue was presented to a jury, and the jury said not
guilty.

Â Â Â Â Â Â Â Â Â Â Â Â THE COURT: So what? Why is that competent evidence at this trial?

Â Â Â Â Â Â Â Â Â Â Â Â [DEFENSE COUNSEL]: It wasn't until [the State] raised the issue and
asked did he point the gun at you, did he threaten you. And a jury has said no, he did
not. That's why it became relevant when he raisedâ

Â Â Â Â Â Â Â Â Â Â Â Â THE COURT: Okay. I don't think you're entitled to show what a jury
found in some other case, period. Why should you?

Â Â Â Â Â Â Â Â Â Â Â Â [DEFENSE COUNSEL]: If [the State] hadn't opened the door, I [would]
agree with you.

Â Â Â Â Â Â Â Â Â Â Â Â THE COURT: What do you mean open the door?

Â Â Â Â Â Â Â Â Â Â Â Â [DEFENSE COUNSEL]: All right. Let me make this simple. [The State]
added the question, "Did he threaten you with a gun? Were you afraid of imminent
bodily injury?" It's in the indictment. It was alleged that way. A jury said no, he
didn't. Now, [the State] has come in and said that again.

Â Â Â Â Â Â Â Â Â Â Â Â THE COURT: So you're using a jury verdict in another case to impeach the
witness?

Â Â Â Â Â Â Â Â Â Â Â Â [DEFENSE COUNSEL]: You bet.

Â Â Â Â Â Â Â Â Â Â Â Â THE COURT: Okay. I'm not going to allow it.

In short, Macias attempted to introduce a jury verdict in another caseâin which he was the
defendantâto impeach Vincent's consistent testimony in this case. Macias argues that, when the
trial court refused to let him do so, it left the jury with a false impression, unduly prejudicing its
members against him. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Macias' argument, however, is untenable. While the credibility of a witness may be attacked
by any party, such attack must be made within the Rules of Evidence. See Tex. R. Evid. 607. 
Generally, this means that a witness' testimony may be impeached by showing one of three things:
(1) the witness made a prior statement inconsistent with his or her current testimony,
(2)Â circumstances or a statement indicating that the witness is biased in favor of or has some interest
aligned with the opposing party, or (3) the witness has been convicted of a felony or other crime
involving moral turpitude. Tex. R. Evid. 609(a), 613(a)â(b). Using a prior jury's findings to
impeach Vincent's current testimony, itself consistent with his statements at Macias' earlier trial, fits
none of those categories.
Â Â Â Â Â Â Â Â Â Â Â Â Macias cites Prescott v. State, 744 S.W.2d 128 (Tex. Crim. App. 1988), and similar cases,
to support his argument that the State "opened the door" as to the validity of Vincent's testimony
when the witness left a false impression during direct examination. Macias complains he should
have been allowed to inform the jury of the earlier verdict in which he was reportedly found not to
have assaulted Vincent. Macias quotes language from Prescott explaining the limitations on
impeaching witnesses through prior convictions.
It is well settled that "an accused puts his character for veracity (as opposed to his
moral character) in issue by merely taking the stand, and thus he may be impeached
in the same manner as any other witness." As with any other witness, an accused
cannot be impeached by a prior offense with which he has been charged unless the
charges resulted in a final conviction for either a felony offense or an offense
involving moral turpitude, neither of which is too remote. An exception to this
general rule arises when a witness, during direct examination, leaves a false
impression as to the extent of either his prior (1) arrests, (2) convictions, (3) charges,
or (4) "trouble" with the police.

Id. at 130â31 (quoting Hammett v. State, 713 S.W.2d 102, 105 (Tex. Crim. App. 1986)) (emphasis
added; citations omitted). The quoted language does not support Macias' position.
Â Â Â Â Â Â Â Â Â Â Â Â Macias' interpretation of the exception highlighted above apparently extends to any false
impression left by a witness testifying at trial. That is, if the jury in the earlier trial expressly found
that Macias did not point his gun at Vincent's face, that finding should be admitted to impeach
Vincent's testimony before another jury hearing Vincent testify concerning the same event. The
exception, however, does not apply in this situation for a number of reasons.
Â Â Â Â Â Â Â Â Â Â Â Â First, even if the record demonstrated that another jury completely disbelieved Vincent's
testimony, it would simply inform the present jury of an earlier interpretation of the evidence; the
findings are not themselves relevant in that they have no tendency to make the existence of any fact
that is of consequence to the determination of Macias' guilt more or less probable. See Tex. R. Evid.
401, 402. Contrary to Macias' claim, this is not comparable to a witness testifying that he does not
break the law, opening the door to impeachment through the introduction of evidence that he had
been convicted of two criminal offenses and charged with a third. See, e.g., Davenport v. State, 807
S.W.2d 635, 637 (Tex. App.âHouston [14th Dist.] 1991, no writ). 
Â Â Â Â Â Â Â Â Â Â Â Â Second, the exception does not extend to just any impression that might be left by a witness
and considered false by the party adversely affected. The witness must leave a false impression as
to the extent of his or her prior arrests, convictions, charges, or "trouble" with the police in order to
warrant impeachment by a prior offense. Prescott, 744 S.W.2d at 131. Vincent's testimony in this 
Â 
case bears no relation to his own dealings with law enforcement, but only to his perception of the
events leading to Macias' arrest outside the nightclub.
Â Â Â Â Â Â Â Â Â Â Â Â Third, even if Vincent's testimony did somehow leave a false impression concerning his past
dealings with law enforcement, any evidence of a prior offense introduced to impeach his testimony
would necessarily be limited to an offense or offenses for which he was convicted or chargedânot
an offense for which Macias stood trial. Tex. R. Evid. 609(a); Prescott, 744 S.W.2d at 130.
Â Â Â Â Â Â Â Â Â Â Â Â The evidence Macias attempted to introduce at trial was designed to improperly impeach the
State's witness. As the trial court did not err in excluding the evidence, we overrule this point of
error.
Legal Sufficiency
Â Â Â Â Â Â Â Â Â Â Â Â In his second point of error, Macias claims the evidence was legally insufficient to support
the allegations of the first count in the indictment. This contention turns on whether a fatal variance
exists between the indictment and the evidence presented at trial. We hold that there is such a
variance and that the evidence fails to support Macias' conviction for unlawful possession of a
firearm by a felon, as alleged.
Â Â Â Â Â Â Â Â Â Â Â Â The Texas Court of Criminal Appeals explained in Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001), that "[a] variance occurs when there is a discrepancy between the
allegations in the charging instrument and the proof at trial" and that, when this happens, it is not that
the state has failed to prove the defendant guilty of a crime, "but has proven its commission in a
manner that varies from the allegations in the charging instrument." This is precisely the situation
now presented on appeal: the State alleged Macias committed a criminal offense in one way, yet
proved another way the offense could be committed.
Â Â Â Â Â Â Â Â Â Â Â Â Section 46.04(a) of the Texas Penal Code defines two ways by which a person who has
previously been convicted of a felony can be held criminally responsible for unlawfully possessing
a firearm:
Â Â Â Â Â Â Â Â Â Â Â Â (1) after conviction and before the fifth anniversary of the person's release
from confinement following conviction of the felony or the person's release from
supervision under community supervision, parole, or mandatory supervision,
whichever date is later; or

Â Â Â Â Â Â Â Â Â Â Â Â (2) after the period described by Subdivision (1), at any location other than
the premises at which the person lives.

Tex. Pen. Code Ann. Â§ 46.04(a). Tracking the language of the first subdivision only, count one of
the indictment states:Guillermo Macias, on or about the 10th day of January, A.D. 2003, and before the
presentment of this indictment, . . . did then and there . . . [, h]aving been convicted
of the felony offense of possession of marijuana on the 25th day of July, 1996, . . .
intentionally or knowingly possess a firearm before the fifth anniversary of the
defendant's release from supervision under community supervision.Clearly, the evidence at trial was legally insufficient to support a conviction under count one of the
indictment.
Â Â Â Â Â Â Â Â Â Â Â Â After explaining that "sufficiency of the evidence should be measured by the elements of the
offense as defined by the hypothetically correct jury charge for the case," the Texas Court of
Criminal Appeals reiterated that "[s]uch a charge would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State's burden of proof or
unnecessarily restrict the Â State's Â theories Â of Â liability, Â and Â adequately Â describes Â the Â particular
Â offense Â for Â which Â the defendant was tried." Gollihar, 46 S.W.3d at 253 (quoting Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).
Â Â Â Â Â Â Â Â Â Â Â Â Addressing what is meant by a hypothetically correct charge being "authorized by the
indictment," the Texas Court of Criminal Appeals went on to explain that
when the controlling statute lists several alternative acts intended by the defendant
and the indictment limits the State's options by alleging certain of those intended acts,
the hypothetically correct charge should instruct the jury that it must find one of the
intended acts alleged in the indictment. This is the "law" as authorized by the
indictment. Similarly, when the statute defines alternative methods of manner and
means of committing an element and the indictment alleges only one of those
methods, "the law" for purposes of the hypothetically correct charge, is the single
method alleged in the indictment.

Id. at 254â55 & n.20 (citing Curry v. State, 30 S.W.3d 394, 404â05 (Tex. Crim. App. 2000))
(footnotes and citations omitted; emphasis added). For this reason, we must examine the sufficiency
of the evidence against only the offense as presented in count one of the indictment. If the State
failed to prove that particular count, then it failed to prove that crime and acquittal on count one is
the appropriate remedy. Curry, 30 S.W.3d at 404â05. In light of the State's concession "that the
math cannot be constructed in any fashion to demonstrate that Macias' possession of the pistol was
before the fifth anniversary of his release from community supervision," however, such an
examination is unnecessary. We hold the evidence at trial was insufficient as to the charged manner
and means of committing the offense of unlawful possession of a firearm by a felon.
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Because we hold the evidence was legally insufficient to support the conviction of felon-in-possession as charged, we must reverse the conviction under count one of the indictment. Therefore,
we do not reach Macias' third point of error.
Conclusion
Â Â Â Â Â Â Â Â Â Â Â Â Having determined that the trial court did not err in refusing to allow the introduction of
improper impeachment evidence against one of the State's witnesses, we overrule Macias' first point
of error. We sustain, however, point of error two because (1) a fatal variance exists between the
indictment's allegations of count one and the evidence presented at trial, and (2) that evidence is
legally insufficient to support the conviction under count one of the indictment. Accordingly, we
reverse the judgment of the trial court as to count one of the indictment and render a judgment of
acquittal as to that charge. The trial court's judgment is, in all other respects, affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â March 11, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â May 7, 2004

Publish



ion:widow-orphan'>
Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00188-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MARKEASE DONTRELL MCCARTY,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 8th Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Delta County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial
Court No. 6889

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Markease
Dontrell McCarty appeals from his adjudication of guilt on three separate
counts of aggravated sexual assault of a child, and resulting sentence of life
imprisonment. Â McCarty has filed a single
brief, in which he raises issues common to all of his appeals.[1]Â  He argues that the trial court committed
reversible error by failing to remove a potential witness from the courtroom,and
that his counsel rendered ineffective assistance in failing to present any
evidence in his favor.

Â Â Â Â Â Â Â Â Â Â Â  We addressed
these issues in detail in our opinion of this date on McCartyÂs appeal in cause
number 06-09-00187-CR.Â  For the reasons
stated therein, we likewise conclude that error has not been shown in this
case.

Â Â Â Â Â Â Â Â Â Â Â  We affirm
the trial courtÂs judgment.

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  September
28, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  September
29, 2010

Â 

Do Not PublishÂ Â Â Â Â Â Â Â Â Â  











[1]McCarty
appeals from three convictions for aggravated sexual assault of a child, cause
numbers 06-09-00187-CR through 06-09-00189-CR.