Larry Wayne DAVENPORT, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–0445–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 21, 1991.

Thomas D. White, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

MURPHY, Justice.

Appellant entered a plea of not guilty before the jury to the offense of aggravated assault of a peace officer. He was convicted, and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(a) (Vernon Supp.1990), at confinement in the Institutional Division of the Texas Department of Criminal Justice for five years. In two points of error, appellant complains of the state's impeachment of a defense witness and the trial court's refusal to allow certain jury argument in closing argument. We affirm.

In the early morning hours of November 12, 1989, appellant and Russell Rehel drove into the parking lot of the Two Pesos restaurant located at the corner of Westheimer and Chimney Rock in Houston. At the same time, Athar Waleed, Mohammed Kal-

iq and two female companions were returning to their car in the parking lot of the restaurant. As appellant and Mr. Rehel entered the parking lot, they began to shout obscenities at them. Appellant and Mr. Rehel exited their vehicle and confronted the group. Words were exchanged, and Mr. Rehel broke the windshield of the group's vehicle with his fist. At this point, the two females ran into the restaurant to summon help.

Inside the restaurant, Officer Greg Fremin of the Houston Police Department was working as a security guard. Officer Richard Babin of the Houston Police Department had stopped to eat at the restaurant and was also present. In response to the women's request for assistance, the officers ran outside where they observed four males fighting in the rear of the parking lot. Officer Fremin yelled "police," and appellant started to run away. Officer Fremin chased appellant yelling "freeze" and "stop, you're under arrest."

Appellant ran to his car and began to enter the vehicle on the driver's side. Before appellant could close the car door or start the vehicle, Officer Fremin arrived and attempted to pull appellant out of the car. Appellant shouted obscenities and threats at Officer Fremin and then began to reach under the car seat. At this point, Officer Fremin drew his gun and positioned himself by the front left corner of the vehicle. Appellant then started the vehicle and accelerated toward Officer Fremin. Officer Fremin moved to the right to avoid the oncoming vehicle and then holstered his gun and pulled out his nightstick. Appellant turned the vehicle in the direction of Officer Fremin, and the officer was forced to continue running to the right. As appellant drove past Officer Fremin, the officer attempted to stop the vehicle by striking it and appellant several times with his nightstick. Appellant escaped from the parking lot, but he was later apprehended and arrested for aggravated assault of a peace officer.

In his first point of error, appellant contends that the trial court erred in allowing the state to impeach Russell Rehel by

showing that he had been charged with driving while intoxicated approximately six months after appellant allegedly assaulted Officer Fremin. At trial, Russell Rehel was called as a witness by the defense to support the theory that appellant did not attempt to run over Officer Fremin. On direct examination regarding the events which occurred in the Two Pesos' parking lot on the night in question, Mr. Rehel discussed the damage he caused when he broke Mohammed Kaliq's windshield with his fist. In so doing, Mr. Rehel made the following statement:

> Larry saw the police officer come out of Two Pesos. He was coming our way. Just before that, I was ready—I had a few hundred dollars on me. I was ready—I knew it had all gone too far. I don't break the law, and was going to pay them.

During the cross examination of Mr. Rehel, the prosecutor approached the bench and requested permission to impeach the witness by showing that he had prior convictions for driving while intoxicated and criminal mischief and that he had been charged with a second DWI approximately six months after appellant allegedly assaulted Officer Fremin. Appellant's attorney objected on grounds that the matters upon which the state sought to impeach the witness did not involve moral turpitude. After a discussion of the issue and a review of pertinent case law, the trial court ruled that the state could use the information to impeach Mr. Rehel, because the witness's statement, "I don't break the law," had opened the door to such impeachment. We find this ruling by the trial court to be correct.

■ Generally, charges of offenses are inadmissible for impeachment purposes unless the charges result in final convictions for felony offenses or final convictions involving moral turpitude, none of which are too remote. *E.g., Reese v. State,* 531 S.W.2d 638, 640 (Tex.Crim.App.1976). However, an exception to this general rule arises when the witness, by his direct testimony, creates a false impression of his law abiding character or his past encounters with the police. *E.g., Reese,* 531 S.W.2d at 640; *Nelson v. State,* 503 S.W.2d 543, 545 (Tex.Crim.App.1974). Where a witness testifies gratuitously as to some matter that is irrelevant or collateral to the proceeding and falsely states or insinuates that he has not had trouble with the police in the past, he has opened the door to impeachment. *See, e.g., Reese,* 531 S.W.2d at 640; *Nelson,* 503 S.W.2d at 545. Under such circumstances, the state is entitled to impeach the witness and expose the falsehood by showing that the witness has lied or is in error. *E.g., Hammett v. State,* 713 S.W.2d 102, 105 (Tex.Crim.App.1986). In so doing, the state may show both that the witness has been previously convicted of offenses and that he has been arrested and charged for offenses not yet resulting in conviction. *See Baxter v. State,* 645 S.W.2d 812, 816 (Tex.Crim.App.1983); *Reese,* 531 S.W.2d at 641.

■ As the trial court correctly ruled, the above exception is applicable in this case. On direct examination, Russell Rehel expressly stated "I don't break the law." This statement easily could have conveyed to the jury the impression that Mr. Rehel was an exemplary citizen who had never been in trouble with the police before, and it opened the door for impeachment by the state. Accordingly, the state was entitled to expose the falsity of Mr. Rehel's statement by showing that he had been convicted of two criminal offenses and charged with a third.

Appellant argues in his brief that Mr. Rehel's statement did not open the door for impeachment by the state. In support of this proposition, appellant relies on *Hammett v. State,* 713 S.W.2d 102, 105 (Tex. Crim.App.1986). The holding of *Hammett* is inapplicable to the facts of this case, and appellant's reliance on the opinion is misplaced. In *Hammett,* the witness answered in the affirmative when asked if a specific conviction was the only time he had been convicted of public intoxication. *Id.* at 104. Although the witness's answer was true and correct, the prosecutor proceeded to impeach the witness by showing that he had been previously convicted of an offense other than public intoxication. *Id.* at 105. The Court of Criminal Appeals held that the witness's statement had not

opened the door for impeachment, because a showing that the witness had been convicted of another different offense in no way impugned the veracity of his statement that he had only been convicted of public intoxication on one occasion. *Id.* at 107.

As the Court of Criminal Appeals noted in its opinion, the issue presented in *Hammett* was the extent to which the narrow colloquy regarding the witness's sole conviction for public intoxication opened the door for impeachment of the witness by a showing of his entire prior criminal history. *Id.* at 106. Since the witness in *Hammett* neither stated nor insinuated that he had never been convicted of an offense other than public intoxication, proof of such information served no legitimate impeachment function. *Id.* at 107. In the instant case, however, Russell Rehel stated without limitation that he did not break the law. Accordingly, the state's showing that Mr. Rehel had been convicted of two criminal offenses and charged with a third directly impugned on the veracity of his statement and served a legitimate purpose as impeachment evidence. *See Reese v. State,* 531 S.W.2d 638, 640 (Tex.Crim.App.1976); *Nelson v. State,* 503 S.W.2d 543, 545 (Tex. Crim.App.1974). Appellant's first point of error is overruled.

In his second point of error, appellant contends that the trial court erred in not permitting his attorney to present jury argument regarding certain mathematical calculations. In the midst of appellant's closing statement, his attorney began to work through and argue a time-distance calculation. The object of this calculation was to determine the speed, measured in feet per second, at which appellant's vehicle would have been travelling when it approached and passed Officer Fremin. The state objected to this argument on grounds that it was not supported by any evidence in the record. Following a hearing outside the presence of the jury, the trial court ruled that appellant's counsel could make his argument, but that he could not use any specific time-distance figures, because his calculation was not supported by the evidence. Thereafter, appellant's counsel made a bill of exceptions.

■ In support of his contention that the trial court erred in not permitting argument regarding the time-distance calculations, appellant relies exclusively on the provisions regarding judicial notice contained in Tex.R.Crim.Evid. 201. Specifically, appellant argues that his attorney should have been allowed to present the substance of the calculations to the jury, because the trial court *could have* taken judicial notice of the number of feet in a mile and other basic units of measurement. We are inclined to agree that basic units of measurement are the type of facts "generally known within the territorial jurisdiction of the trial court" and that simple mathematical calculations may be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See generally* Tex.R.Crim.Evid. 201(b). However, a trial court is only required to take judicial notice of facts "if requested by a party and supplied with the necessary information." *See* Tex.R.Crim.Evid. 201(d).

■ In this case, appellant did not request the trial court to take judicial notice of any facts, and he did not provide the trial court with any means of verifying the accuracy of his time-distance calculations. Accordingly, appellant cannot be heard to complain of the trial court's failure to take judicial notice of such information. In addition, after a careful review of appellant's bill of exceptions, we note that some of the facts and calculations sought to be argued by appellant's counsel were incorrect, misleading and wholly unsupported by any evidence in the record. Under these circumstances, the trial court did not err in refusing to allow appellant to present specific results of the mathematical calculations to the jury. Appellant's second point of error is overruled.

The judgment of conviction is affirmed.

J. CURTISS BROWN, C.J., concurs in the result only.