Guillermo MACIAS, Appellant

v.

The STATE of Texas, Appellee.

No. 06–03–00187–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 11, 2004.

Decided May 7, 2004.

Susan Ashley, Houston, for appellant.

Joe Black, District Attorney, Al Davis, Assistant District Attorney, Marshall, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

In the early morning hours of January 10, 2003, after an argument inside a Harrison County nightclub, Guillermo Macias retrieved a handgun from his truck in the parking lot, re-entered the club, and pointed the gun at the bartender. Macias was tackled and pushed out the door, then attacked and disarmed by a group of people that had followed him outside. He escaped to his truck and began to leave as the police arrived. Despite orders to stop, Macias drove directly toward one of the officers, forcing him to draw and fire his weapon. The shots missed, and Macias continued to drive, sideswiping a patrol car and hitting another before officers managed to pull him from the truck and place him in custody.

At trial, a Harrison County jury found Macias guilty of both counts of the indictment—count one being unlawful possession of a firearm by a felon and count two being unlawful possession of a firearm on premises licensed for the sale of alcoholic beverages—assessing punishment at ten years' confinement and a $10,000.00 fine on each count. *See* TEX. PEN.CODE ANN. § 46.02 (Vernon 2003), § 46.04 (Vernon Supp.2004). On appeal, Macias contends (1) the trial court erred by not allowing certain evidence for the purpose of impeaching a State's witness, (2) the evidence was legally insufficient to support the allegations of the indictment's felon-in-possession count, and (3) the trial court erred by overruling his objections to the jury

charge. We overrule Macias' first contention, sustain contention two, and need not reach contention three.

### Impeachment

■ In his first point of error, Macias contends the trial court erred by excluding certain evidence he alleges would have impeached one of the State's witnesses. On direct examination, Shane Vincent testified that, after he tackled Macias and pushed him out of the nightclub, Macias struck him with the butt of the gun, bloodying him and dropping him to his knees. When Vincent recovered, Macias pointed the gun at Vincent's face, at which time the crowd, which had followed them outside, overcame Macias and knocked the gun to the ground. Macias does not complain that the evidence itself was inadmissible, but that he should have been permitted to impeach Vincent's testimony by explaining to the jury that Vincent testified to the same effect in an earlier trial arising from the same events and that the jury in that case found Macias not to have assaulted Vincent as he claimed.[1] Macias' trial counsel explained:

> [DEFENSE COUNSEL]:.... What I want to show the Court is that, in response to the State's question of this witness, did he point the gun at you, did he threaten you, and were you afraid of serious bodily injury. That those particular items in the named indictment, the named victim has been presented to a jury, and a jury has found that not to be true.
>
> THE COURT: What's your legal rationale for bringing in evidence from that other case concerning this witness?

1. Other than Macias' representations to the trial court, we have no record of the previous trial or the specific charges brought against him. We also note that there is no agreement between the parties as to the actual verdict in

the earlier case and, even if it were relevant to the case at bar, there is no evidence that the jury completely disbelieved Vincent's testimony.

[DEFENSE COUNSEL]: Because they opened the door and asked the direct question of an issue that a previous jury has decided. Let me cite the reason why I say that. In another cause number out of the same event, same night, the allegations in Count Two stated that he did then and there knowingly threaten[ ] Shane Vincent, this individual, with imminent bodily injury and did then and there exhibit a deadly weapon. That issue was presented to a jury, and the jury said not guilty.

THE COURT: So what? Why is that competent evidence at this trial?

[DEFENSE COUNSEL]: It wasn't until [the State] raised the issue and asked did he point the gun at you, did he threaten you. And a jury has said no, he did not. That's why it became relevant when he raised—

THE COURT: Okay. I don't think you're entitled to show what a jury found in some other case, period. Why should you?

[DEFENSE COUNSEL]: If [the State] hadn't opened the door, I [would] agree with you.

THE COURT: What do you mean open the door?

[DEFENSE COUNSEL]: All right. Let me make this simple. [The State] added the question, "Did he threaten you with a gun? Were you afraid of imminent bodily injury?" It's in the indictment. It was alleged that way. A jury said no, he didn't. Now, [the State] has come in and said that again.

THE COURT: So you're using a jury verdict in another case to impeach the witness?

[DEFENSE COUNSEL]: You bet.

THE COURT: Okay. I'm not going to allow it.

In short, Macias attempted to introduce a jury verdict in another case—in which he was the defendant—to impeach Vincent's *consistent* testimony in this case. Macias argues that, when the trial court refused to let him do so, it left the jury with a false impression, unduly prejudicing its members against him.

Macias' argument, however, is untenable. While the credibility of a witness may be attacked by any party, such attack must be made within the Rules of Evidence. *See* TEX.R. EVID. 607. Generally, this means that a witness' testimony may be impeached by showing one of three things: (1) the witness made a prior statement inconsistent with his or her current testimony, (2) circumstances or a statement indicating that the witness is biased in favor of or has some interest aligned with the opposing party, or (3) the witness has been convicted of a felony or other crime involving moral turpitude. TEX.R. EVID. 609(a), 613(a)-(b). Using a prior jury's findings to impeach Vincent's current testimony, itself consistent with his statements at Macias' earlier trial, fits none of those categories.

■ Macias cites *Prescott v. State*, 744 S.W.2d 128 (Tex.Crim.App.1988), and similar cases, to support his argument that the State "opened the door" as to the validity of Vincent's testimony when the witness left a false impression during direct examination. Macias complains he should have been allowed to inform the jury of the earlier verdict in which he was reportedly found not to have assaulted Vincent. Macias quotes language from *Prescott* explaining the limitations on impeaching witnesses through prior convictions.

It is well settled that "an accused puts his character for veracity (as opposed to his moral character) in issue by merely taking the stand, and thus he may be impeached in the same manner as any

other witness." As with any other witness, an accused cannot be impeached by a prior offense with which he has been charged unless the charges resulted in a final conviction for either a felony offense or an offense involving moral turpitude, neither of which is too remote. *An exception to this general rule arises when a witness, during direct examination, leaves a false impression as to the extent of either his prior (1) arrests, (2) convictions, (3) charges, or (4) "trouble" with the police.*

*Id.* at 130–31 (quoting *Hammett v. State*, 713 S.W.2d 102, 105 (Tex.Crim.App.1986)) (emphasis added; citations omitted). The quoted language does not support Macias' position.

Macias' interpretation of the exception highlighted above apparently extends to *any* false impression left by a witness testifying at trial. That is, if the jury in the earlier trial expressly found that Macias did not point his gun at Vincent's face, that finding should be admitted to impeach Vincent's testimony before another jury hearing Vincent testify concerning the same event. The exception, however, does not apply in this situation for a number of reasons.

First, even if the record demonstrated that another jury completely disbelieved Vincent's testimony, it would simply inform the present jury of an earlier interpretation of the evidence; the findings are not themselves relevant in that they have no tendency to make the existence of any fact that is of consequence to the determination of Macias' guilt more or less probable. *See* TEX.R. EVID. 401, 402. Contrary to Macias' claim, this is not comparable to a witness testifying that he does not break the law, opening the door to impeachment through the introduction of evidence that he had been convicted of two criminal offenses and charged with a third. *See, e.g.,*

*Davenport v. State,* 807 S.W.2d 635, 637 (Tex.App.-Houston [14th Dist.] 1991, no writ).

Second, the exception does not extend to just any impression that might be left by a witness and considered false by the party adversely affected. The witness must leave a false impression as to the extent of his or her prior arrests, convictions, charges, or "trouble" with the police in order to warrant impeachment by a prior offense. *Prescott,* 744 S.W.2d at 131. Vincent's testimony in this case bears no relation to his own dealings with law enforcement, but only to his perception of the events leading to Macias' arrest outside the nightclub.

Third, even if Vincent's testimony did somehow leave a false impression concerning his past dealings with law enforcement, any evidence of a prior offense introduced to impeach his testimony would necessarily be limited to an offense or offenses for which he was convicted or charged—not an offense for which Macias stood trial. TEX.R. EVID. 609(a); *Prescott,* 744 S.W.2d at 130.

The evidence Macias attempted to introduce at trial was designed to improperly impeach the State's witness. As the trial court did not err in excluding the evidence, we overrule this point of error.

*Legal Sufficiency*

██ In his second point of error, Macias claims the evidence was legally insufficient to support the allegations of the first count in the indictment. This contention turns on whether a fatal variance exists between the indictment and the evidence presented at trial. We hold that there is such a variance and that the evidence fails to support Macias' conviction for unlawful possession of a firearm by a felon, as alleged.

The Texas Court of Criminal Appeals explained in *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex.Crim.App.2001), that "[a] variance occurs when there is a discrepancy between the allegations in the charging instrument and the proof at trial" and that, when this happens, it is not that the state has failed to prove the defendant guilty of a crime, "but has proven its commission in a manner that varies from the allegations in the charging instrument." This is precisely the situation now presented on appeal: the State alleged Macias committed a criminal offense in one way, yet proved another way the offense could be committed.

Section 46.04(a) of the Texas Penal Code defines two ways by which a person who has previously been convicted of a felony can be held criminally responsible for unlawfully possessing a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

Tex. Pen.Code Ann. § 46.04(a). Tracking the language of the first subdivision only, count one of the indictment states:

Guillermo Macias, on or about the 10th day of January, A.D.2003, and before the presentment of this indictment, ... did then and there ... [, h]aving been convicted of the felony offense of possession of marijuana on the 25th day of July, 1996, ... intentionally or knowingly possess a firearm before the fifth anniversary of the defendant's release from supervision under community supervision.

Clearly, the evidence at trial was legally insufficient to support a conviction under count one of the indictment.

After explaining that "sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case," the Texas Court of Criminal Appeals reiterated that "[s]uch a charge would be one that accurately sets out the law, *is authorized by the indictment*, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Gollihar*, 46 S.W.3d at 253 (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997)).

Addressing what is meant by a hypothetically correct charge being "authorized by the indictment," the Texas Court of Criminal Appeals went on to explain that

when the controlling statute lists several alternative acts intended by the defendant and the indictment limits the State's options by alleging certain of those intended acts, the hypothetically correct charge should instruct the jury that it must find one of the intended acts alleged in the indictment. This is the "law" as authorized by the indictment. *Similarly, when the statute defines alternative methods of manner and means of committing an element and the indictment alleges only one of those methods, "the law" for purposes of the hypothetically correct charge, is the single method alleged in the indictment.*

*Id.* at 254–55 & n. 20 (citing *Curry v. State*, 30 S.W.3d 394, 404–05 (Tex.Crim. App.2000)) (footnotes and citations omitted; emphasis added). For this reason, we must examine the sufficiency of the evidence against only the offense as presented in count one of the indictment. If the State failed to prove that particular

count, then it failed to prove that crime and acquittal on count one is the appropriate remedy. *Curry,* 30 S.W.3d at 404–05. In light of the State's concession "that the math cannot be constructed in any fashion to demonstrate that Macias' possession of the pistol was before the fifth anniversary of his release from community supervision," however, such an examination is unnecessary. We hold the evidence at trial was insufficient as to the charged manner and means of committing the offense of unlawful possession of a firearm by a felon.

Because we hold the evidence was legally insufficient to support the conviction of felon-in-possession as charged, we must reverse the conviction under count one of the indictment. Therefore, we do not reach Macias' third point of error.

*Conclusion*

Having determined that the trial court did not err in refusing to allow the introduction of improper impeachment evidence against one of the State's witnesses, we overrule Macias' first point of error. We sustain, however, point of error two because (1) a fatal variance exists between the indictment's allegations of count one and the evidence presented at trial, and (2) that evidence is legally insufficient to support the conviction under count one of the indictment. Accordingly, we reverse the judgment of the trial court as to count one of the indictment and render a judgment of acquittal as to that charge. The trial court's judgment is, in all other respects, affirmed.