NO.
12-06-00180-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TORY LEE MILLER,           §                      APPEAL FROM THE 173RD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Tory Lee
Miller appeals his conviction for aggravated robbery, for which he was
sentenced to imprisonment for twenty years. 
In two issues, Appellant argues that the trial court committed
reversible error by denying his constitutional right to confront the witnesses
against him.  We affirm.

 

Background

            Appellant
was charged by indictment with aggravated robbery and pleaded “not guilty.”  The matter proceeded to jury trial.  At trial, former Athens Police Officer
Michael Murphy testified on the State’s behalf. 
Murphy testified that he conducted the investigation concerning the
robbery in question.  Murphy further
testified that, during his investigation, he received a tip from a confidential
informant, who stated that Appellant had participated in the robbery and was
staying at the home of Melba Langford and family.  Murphy testified that he went to the Langford
residence and met with Melba “Tina” Langford, who told him that Appellant had
committed the robbery.  Murphy stated
that, prior to trial, the Langfords had moved and no one was able to find them
in order to summon Langford to appear at trial. 
Thereafter, Murphy offered further testimony concerning information
Langford related to him.

            Following
the close of evidence and arguments of counsel, the jury found Appellant guilty
as charged.  The matter proceeded to a
trial on punishment.  Ultimately, the
jury assessed Appellant’s punishment at imprisonment for twenty years.  The trial court sentenced Appellant
accordingly, and this appeal followed.

 

Confrontation
Clause

            In
his first and second issues, Appellant argues that he was denied his right to
confront Langford, which amounted to reversible error.   We review a trial court’s rulings on whether
to admit or exclude evidence for an abuse of discretion.  See Montgomery v. State, 810
S.W.2d 372, 390-91 (Tex. Crim. App. 1991) (op. on reh’g); Thornton v.
State, No. 12-04-00045-CR, 2006 WL 319015, at *2 (Tex. App.–Tyler Feb.
10, 2006, pet. ref’d) (mem. op., not designated for publication).  If the court’s ruling is within the zone of
reasonable disagreement, we will not disturb it on appeal.  Metts v. State, 22 S.W.3d 544, 550
(Tex. App.–Fort Worth 2000, pet. ref’d). 
If we can uphold the trial court’s decision on any theory applicable to
the case, we will do so.  Id.  In considering this constitutional issue, we
review the trial court’s ruling de novo. 
Muttoni v. State, 25 S.W.3d 300, 304 (Tex. App.–Austin
2000, no pet.).

            The
accused in a criminal case has a constitutional right to confront and cross
examine the witnesses against him.  U.S. Const. amends. VI, XIV.  The admission of hearsay evidence against a
criminal defendant implicates the Confrontation Clause because the defendant is
not afforded the opportunity to confront the out of court declarant and cross
examine him or her regarding any testimonial statements.  See U.S.
Const. amend. VI; Crawford v. Washington, 541 U.S. 36, 41,
124 S.Ct. 1354, 1359, 158 L.Ed.2d 177 (2004); Wall v. State, 184
S.W.3d 730, 734 (Tex. Crim. App. 2006).

            To
preserve error on Confrontation Clause grounds, an objection must be made at
trial as soon as the basis for such objection becomes apparent. See
Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App.2000); Thornton,
2006 WL 319015, at *2. 

            In
the case at hand, Appellant failed to object to Murphy’s testimony concerning
what Langford told him.  As such, we hold
that by his failure to object, Appellant has waived the error of which he now
complains.  Appellant’s first and second
issues are overruled.

 

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered May 2, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)