**Opinion issued December 12, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NOS. 01-18-00520-CR, 01-18-00521-CR, 01-18-00522-CR

_____

**BENSON DORSEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1569925, 1570348, 1570349**

---

## DISSENTING OPINION

Benson Dorsey appeals from two judgments of conviction for the offense of unlawful possession of a firearm. *See* TEX. PENAL CODE § 46.04(a). He contends that these two convictions violate the constitutional guarantee against double jeopardy because they subject him to multiple punishments for the simultaneous possession

of several firearms. Because Dorsey is correct, I respectfully dissent from the majority's contrary holding. I concur with the remainder of the majority opinion.

## BACKGROUND

A grand jury issued two indictments against Dorsey for unlawful possession of a firearm. In the first indictment, the state alleged that Dorsey possessed a firearm after having been convicted of the felony offense of possession with intent to deliver a controlled substance in 2012 and before the fifth anniversary of his release from supervision under parole for this drug offense. *See* TEX. PENAL CODE § 46.04(a)(1). In the second indictment, the state alleged that Dorsey possessed a firearm at a location other than his residence after having been convicted of the felony offense of possession of a controlled substance in 2001. *See id.* § 46.04(a)(2).

Dorsey pleaded guilty to both of the charged offenses. The trial court entered separate judgments of conviction and assessed Dorsey's punishment at 20 years of confinement for the first offense and 25 years of confinement for the second one. The trial court ordered that these two sentences are to run concurrently.

The material facts underlying these two convictions are undisputed. Dorsey does not dispute his 2001 and 2012 felony convictions. Nor does he dispute that he had not yet been released from supervision under parole for the latter conviction at the time of his arrest for unlawful possession of a firearm. When law enforcement officers searched Dorsey's residence, they found five loaded firearms, including two

2

revolvers, two pistols, and one shotgun. Dorsey apparently had fired one of these firearms at the complainant's vehicle multiple times while driving on the highway shortly before law enforcement searched his residence.

## DISCUSSION

### *Applicable Law*

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars a state from imposing multiple punishments for the same offense in a single prosecution. *Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016). An analysis as to whether the state has done so turns on how many punishable offenses the legislature intended to create. *See id.* When, as here, the charged offenses are set forth in a single statutory provision, we must decide what the allowable unit of prosecution is based on the statute's construction and the gravamen of the offense, and how many units were shown by the evidence at trial. *See id.*

Texas law makes it unlawful for a felon to possess a firearm under two distinct sets of circumstances. Section 46.04(a) of the Penal Code provides that:

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE § 46.04(a). Thus, a felon never may possess a firearm outside of the premises where he lives. *Id.*; *State v. Mason*, 980 S.W.2d 635, 638–39 (Tex. Crim. App. 1998). Nor may a felon possess a firearm on the premises where he lives within five years of the date of his release from confinement or supervision, whichever is later. TEX. PENAL CODE § 46.04(a); *Mason*, 980 S.W.2d at 638–39. After this five-year period, however, a felon may possess a firearm on the premises where he lives. TEX. PENAL CODE § 46.04(a); *Mason*, 980 S.W.2d at 638–39.

Under section 46.04(a), the gravamen of the offense is the defendant's status as a felon. *See Mason*, 980 S.W.2d at 638–39; *see also Tapps v. State*, 294 S.W.3d 175, 178–79 (Tex. Crim. App. 2009) (statute's purpose is to criminalize possession of firearms by felons). Subdivisions (1) and (2) specify the two situations in which it is unlawful for a felon to possess a firearm: off his premises and on his premises within a defined timeframe. *See Fagan v. State*, 362 S.W.3d 796, 800 (Tex. App.— Texarkana 2012, pet. ref'd); *Macias v. State*, 136 S.W.3d 702, 706 (Tex. App.— Texarkana 2004, no pet.). These subdivisions do not set forth separate offenses.

### *Analysis*

Dorsey was convicted under both subdivisions of section 46.04(a). The majority holds that this does not violate the guarantee against double jeopardy because these subdivisions state separate offenses. The majority reasons:

> [A]n offense can occur in both of two separate circumstances: anywhere, within five years of release from confinement, and thereafter

in any place other than the premises at which the felon lives. Benson had multiple felony convictions, of various ages. While most were older, and therefore relevant only to section 46.04(a)(2), at least one placed him in the ambit of section 46.04(a)(1), which prohibits a felon from possessing a firearm anywhere.

The majority's reasoning, however, disregards the structure, language, and purpose of section 46.04(a). Subdivision (1) prohibits a felon from possessing a firearm anywhere, unless five years has elapsed since he was released from confinement or supervision, whichever is later. TEX. PENAL CODE § 46.04(a)(1); *Mason*, 980 S.W.2d at 638–39. After this five-year period, subdivision (2) continues to prohibit a felon from possessing a firearm anywhere except for a single location—the premises where the felon lives. TEX. PENAL CODE § 46.04(a)(2); *Mason*, 980 S.W.2d at 638–39. The statutory scheme is a bifurcated one; under it, a felon either is barred from possessing firearms altogether or is barred from possessing them anywhere but where he lives. A felon is never simultaneously subject to both subdivisions.

In 2012, Dorsey was convicted of the felony offense of possession with intent to deliver a controlled substance. At the time of Dorsey's arrest for unlawful possession of a firearm, he had not yet been released from supervision under parole for the 2012 drug offense. Dorsey therefore could not possess a firearm anywhere. *See* TEX. PENAL CODE § 46.04(a)(1). Anywhere by definition includes the premises where Dorsey lived, which makes subdivision (2) altogether inapplicable to him.

5

The majority reasons that Dorsey can be convicted under both subdivisions because the state relied on different predicate felonies, the one from 2012 and the other from 2001. But subdivisions (1) and (2) can only be read as referring to the same underlying felony. Subdivision (1) criminalizes firearm possession by a felon anywhere "after conviction and before the fifth anniversary of the person's release" while subdivision (2) does so anywhere other than the felon's home "after the period described by Subdivision (1)." TEX. PENAL CODE § 46.04(a). Thus, the statute does not allow for simultaneous convictions under both subdivisions based on different underlying felonies.

The majority further reasons that Dorsey's convictions do not violate the guarantee against double jeopardy because he "possessed multiple firearms" and did so "in two separate locations." Neither circumstance supports the majority's result.

Dorsey simultaneously possessed all five of the firearms at issue. *See* TEX. PENAL CODE § 1.07(a)(39) (possession means "actual care, custody, control, or management"); *Powell v. State*, 112 S.W.3d 642, 644 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (applying this definition in section 46.04(a) prosecution).

Section 46.04(a)'s language does not suggest that the legislature intended to treat simultaneous possession of multiple firearms differently from possession of a single firearm. The statute forbids a felon from possessing "a firearm," but this does not mean that each firearm is its own unit of prosecution. The majority correctly

6

concludes that section 46.04(a) is a circumstance-of-conduct crime; the legislature's use of the indefinite article "a" as to a circumstance-of-conduct crime is not indicative of the allowable unit of prosecution. *Stevenson*, 499 S.W.3d at 851–52.

Nor does section 46.04(a)'s language lend any support to the majority's notion that the legislature intended to impose multiple convictions for the simultaneous possession of firearms in separate locations as opposed to a single place. On the contrary, Dorsey was barred from possessing a firearm anywhere—irrespective of location—because five years had not yet elapsed from the date of his release from supervision. *See* TEX. PENAL CODE § 46.04(a)(1).

The majority does not cite a single decision in which a Texas appellate court has affirmed convictions under both subdivisions (1) and (2) of section 46.04(a). I have not been able to find one either. Because Dorsey's case is one of first impression, I think it is useful to consider federal law on this general subject.

Section 922(g)(1) of title 18 of the United State Code is the equivalent federal statute making it unlawful for a felon to possess a firearm. *Jordan v. State*, 56 S.W.3d 326, 331 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). In relevant part, the federal statute makes it unlawful for anyone who has been convicted of a crime punishable by imprisonment for more than a year to possess in or affecting commerce any firearm. 18 U.S.C. § 922(g)(1). The structure and language of section 922(g)(1) differ from our statute. The gravamen, however, is the same; the purpose

of section 922(g)(1) is to criminalize the possession of firearms by felons based on their status as felons. *United States v. Berry*, 977 F.2d 915, 919 (5th Cir. 1992).

The federal courts have held that multiple convictions under section 922(g)(1) "for the simultaneous possession of multiple weapons" violate the constitutional guarantee against double jeopardy. *United States v. Hope*, 545 F.3d 293, 296 (5th Cir. 2008); *see also United States v. Hodges*, 628 F.2d 350, 351 (5th Cir. 1980) (interpreting statutory predecessor to section 922(g)(1) and citing decisions from federal appellate courts in support of proposition that it is "well-established that the simultaneous, undifferentiated possession of multiple firearms constitutes only one offense"). Similarly, the federal courts have held that multiple convictions under section 922(g)(1) for uninterrupted possession of a firearm in multiple locations over time are a double-jeopardy violation. *See Hope*, 545 F.3d at 296–97.

The Fifth Circuit's *Berry* decision is illustrative. In that case, police officers searched the defendant's motel room and car under a search warrant. *See Berry*, 977 F.2d at 917. They found three firearms, one of which was located in the defendant's car. *See id.* The trial court convicted the defendant of and sentenced him for three counts of unlawful possession of a firearm by a felon under section 922(g)(1). *Id.* at 917, 919. The Fifth Circuit vacated these convictions, holding that multiple convictions violated the guarantee against double jeopardy. *Id.* at 919–20. The court noted that the "evil Congress sought to suppress by section 922 was the arming of

8

felons; the section is based on the status of the offender and not the number of guns possessed." *Id.* at 919. Simultaneous possession of the three firearms in different locations thus was a single punishable criminal offense. *See id.* at 919–20.

Nothing in the structure, language, or purpose of section 46.04(a) compels a result different from the one the federal courts have reached in interpreting section 922(g)(1). I therefore would hold that Dorsey's multiple convictions and punishments under section 46.04(a) violate the guarantee against double jeopardy.

## CONCLUSION

When there is a double-jeopardy violation, we must retain the conviction for the most serious offense—generally the one for which the greatest punishment was assessed—and vacate the other conviction. *See Bien v. State*, 550 S.W.3d 180, 188–89 (Tex. Crim. App. 2018). As the majority does not do so, I respectfully dissent.


Gordon Goodman
Justice

Panel consists of Justices Keyes, Kelly, and Goodman.

Justice Goodman, dissenting.

Publish. TEX. R. APP. P. 47.2(b).

9