**Jesse Antonio GAITAN, Appellant**

v.

**The STATE of Texas, Appellee.**

**Nos. 07–12–0049–CR, 07–12–0050–CR.**

Court of Appeals of Texas,
Amarillo.

Dec. 17, 2012.

Discretionary Review Refused
March 6, 2013.

Discretionary Review Refused
March 27, 2013.

Lindy Borchardt, Assistant District Attorney, Decatur, TX, for Appellee.

William A. Bratton III, Attorney at Law, Dallas, TX, for Appellant.

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

### Opinion

BRIAN QUINN, Chief Justice.

Appellant, Jesse Antonio Gaitan, appeals his convictions for tampering with physical evidence and being a felon who unlawfully possessed a firearm. He contends that the evidence was insufficient to show that he attempted to conceal, destroy, or alter the weapon or that he possessed it. We affirm.

### Background

The weapon in question was a 45–caliber handgun the police found by a fence around midnight. The officer who discovered the weapon was responding to a dispatch about a disturbance, along with another officer. When the former arrived, he noticed appellant discard something metallic near a carport doorway. At the time, appellant was being told but was refusing to stop. Instead, he was walking toward the carport. Various other people at the scene impeded the officer's search for the discarded item. Nonetheless, he found the handgun.

Appellant's estranged wife testified that she had seen appellant with the same handgun earlier that month. And, though appellant told the officers that he was merely throwing away a beer can, he acknowledged having handled a gun on an earlier date. The weapon was determined to have been stolen.

■ The evidence that appellant was seen discarding a metallic object through a doorway by which he passed, the discovery of the object or handgun by the police in the vicinity of where appellant tossed the object, and appellant's wife stating that the handgun was in appellant's possession earlier is some evidence upon which a rational factfinder could conclude beyond reasonable doubt that appellant possessed the weapon as alleged in the indictment. Coupling that with evidence of appellant's status as a prior felon subject to prosecution for possessing a firearm, see TEX. PENAL CODE ANN. § 46.04 (West 2011) (describing the offense of a felon possessing a firearm), his desire not to be found with the discarded object, his refusal to heed the officer's directive to stop, and his discarding the object into the night, the same factfinder could also deduce beyond reasonable doubt that appellant concealed the weapon from the officers. This is so given that the Fort Worth Court of Appeals construed "conceal" to mean "the act of removing from sight or notice; hiding." *Rotenberry v. State*, 245 S.W.3d 583, 589 (Tex.App.-Fort Worth 2007, pet. ref'd); *accord Lujan v. State*, No. 07–09–0036–CR, 2009 WL 2878092, at *2, 2009 Tex.App. LEXIS 7121, at *6 (Tex.App.-Amarillo Sept. 9, 2009, no pet.) (mem. op., not designated

for publication) (defining conceal as meaning "to prevent disclosure or recognition of" or "to place out of sight"); *see also Young v. State*, No. 07–09–0229–CV, 2010 WL 5129727, at *1, 2010 Tex.App. Lexis 9459,*3–4 (Tex.App.-Amarillo Nov. 30, 2010, no pet.) (mem. op., not designated for publication) (defining conceal to mean "to hide or to keep from observation, discovery or understanding"). That his effort was ultimately unsuccessful matters little; the factfinder had before it some evidence from which it could legitimately deduce that appellant was "hiding" what he had from the officers called to investigate the disturbance.[1] Whether we would have so found had we been jurors also matters little. Our task under the pertinent standard of review is to defer to what a factfinder could legitimately infer from the evidence. *See Laster v. State*, 275 S.W.3d 512, 517–18 (Tex.Crim.App.2009). We do not, and must not, shed our robes as jurists to assume the garb of jurors or supplant what the law says with what we wish it said.[2]

Accordingly, the issues are overruled, and the judgment is affirmed.

---

1. Unlike the circumstances in *Thornton v. State*, No. 07–11–0069–CR, 2012 Tex.App. Lexis 6493 (Tex.App.-Amarillo, August 7, 2012, pet. filed), we do not have an officer "repeatedly confirm[ing] ... that the object Appellant removed from his pocket ... was never concealed from him because it never left his sight." *Id.* at *818. Rather, they liken to another case cited by the dissent, *Lujan v. State*, No. 07–09–0036–CR, 2009 WL 2878092, 2009 Tex.App. Lexis 7121 (Tex.App.-Amarillo September 9, 2009, no pet.). There, the appellant threw a crack pipe into the night after spying the police. *Id.* at *2–3, 2009 Tex.App. LEXIS 7121 at *6–7. He did so because he thought he would be arrested had the officer found it on him. *Id.* We concluded that the timing and motivation for the gesture was enough to allow a jury to legitimately deduce that "appellant intended to impair the pipe's availability as evidence against him...." *Id.* This was so despite the presence of evidence suggesting that the offi-

PATRICK A. PIRTLE, Justice.

CONCURRING AND DISSENTING OPINION

Appellant, Jesse Antonio Gaitan, appeals his convictions for tampering with physical evidence[1] and unlawful possession of a firearm,[2] and his respective sentences of forty years and twenty years confinement. While the majority would affirm both convictions, I would reverse and render a judgment of acquittal in the tampering case, and I would modify the judgment in the unlawful possession case and affirm the judgment as modified.

TAMPERING WITH PHYSICAL EVIDENCE

I am bothered by the frequency with which prosecutors of this State have turned to section 37.09 of the Texas Penal Code to "double-down" on defendants by seeking a second conviction for "tampering with evidence" when an accused merely acts to dispossess himself or herself of evidence of another crime. I do not believe the Legislature intended section 37.09 to be used in that fashion, and until

---

cer easily found the pipe upon searching the area. So, and contrary to the dissent's point of view, "dispossessing oneself of incriminating evidence" may indeed satisfy the *actio malum prohibitum* purportedly laying at the heart of the criminal statute at issue.

2. Though the dissent would modify the judgment to remove verbiage relating to the assessment of attorney's fees, that was not a matter raised by appellant. Nor is it jurisdictional. So, it was waived.

1. Trial Court Cause No. CR16105, Appellate Cause No. 07–12–0049–CR; Tex. Penal Code Ann. § 37.09(a)(1) (West Supp.2012). Although the *Judgment* references § 37.09(d)(1), the correct statute of offense is § 37.09(a)(1).

2. Trial Court Cause No. CR16106, Appellate Cause No. 07–12–0050–CR; Tex. Penal Code Ann. § 46.04(a) (West 2011).

the Court of Criminal Appeals speaks to the matter, I will continue to view such prosecutions in a circumspect manner.

A person commits the offense of tampering with evidence if, knowing that an investigation or official proceeding is pending or in progress, he alters, destroys, or conceals any record, document or thing with intent to impair its verity, legibility or availability as evidence in any subsequent investigation of or official proceeding related to the offense. *See* Tex. Penal Code Ann. § 37.09(a)(1) (West Supp.2012). In this case, the indictment alleges that Appellant did, "knowing that an investigation was in progress, . . . intentionally or knowingly conceal a firearm . . . with intent to impair its verity or availability as evidence in the investigation." The critical element here is the act of concealment. "Conceal" is not defined by section 37.09, or elsewhere in the Penal Code. Courts of this State have, however, held it to mean to hide, to remove from sight or notice; to keep from discovery or observation. *See Rotenberry v. State*, 245 S.W.3d 583, 588–89 (Tex.App.-Fort Worth 2007, pet. ref'd); *Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex.App.-Austin 2000, no pet.).

In fact, this Court has held that "conceal" means "to prevent disclosure or recognition of" or "to place out of sight." *See Lujan v. State*, No. 07–09–0036–CR, 2009 WL 2878092, at \*2, 2009 Tex.App. LEXIS 7121, at \*6 (Tex.App.-Amarillo Sept. 9, 2009, no pet.) (not designated for publication). We have also held that merely dispossessing oneself of incriminating evidence does not constitute the prohibited act of concealment. *See Thornton v. State*, 377 S.W.3d 814, 817 (Tex.App.-Amarillo

2012, pet. filed). In the context of section 37.09, the *actio malum prohibitum* of concealment is the affirmative act of doing something with the intent of making an item of evidence unavailable in a subsequent investigation or prosecution.[3] I do not believe that section 37.09 criminalizes merely dropping an object or distancing yourself from it. *See Blanton v. State*, Nos. 05–05–01060–CR and 05–05–01061–CR, 2006 WL 2036615, 2006 Tex.App. LEXIS 6367 (Tex.App.-Dallas July 21, 2006, pet. ref'd) (not designated for publication) (finding that merely dropping a bag of cocaine while fleeing from the police did not constitute concealment).

Because the evidence in this case established, at best, that Appellant merely dispossessed himself of the firearm in question, I would find that no rational trier of fact could have found that Appellant "concealed" that evidence and I would sustain Appellant's first point of error. Accordingly, I would reverse the judgment of conviction and render a judgment of acquittal.

### UNLAWFUL POSSESSION OF FIREARM

I concur with the majority decision to affirm Appellant's conviction for the offense of unlawful possession of a firearm; however, I would modify the judgment to delete the finding that assesses court-appointed attorney's fees "as approved by the Judge."

Pursuant to article 26.05(g) of the Texas Code of Criminal Procedure, if a trial court determines that a defendant has financial resources that enable him to repay, in whole or in part, the costs of legal services provided by a court-appointed attorney,

---

**3.** An *actio malum prohibitum* is "[a] wrong prohibited; a thing which is wrong because prohibited; an act which is not inherently immoral, but becomes so because its commission is expressly forbidden by positive law; an act involving an illegality resulting from positive law." *Tovar v. State*, 978 S.W.2d 584, 587 (Tex.Crim.App.1998) (quoting BLACK'S LAW DICTIONARY, ABRIDGED, 494 (5th ed. 1983)).

the court has authority to order a convicted defendant to pay "as court costs the amount that it finds the defendant is able to pay." *See* Tex.Code Crim. Proc. Ann. art. 26.05(g) (West Supp.2012). Without record evidence demonstrating a defendant's financial resources to offset the costs of legal services, a trial court errs if it orders reimbursement of court-appointed attorney's fees. *Mayer v. State,* 309 S.W.3d 552 (Tex.Crim.App.2010). No trial objection is required to challenge the sufficiency of the evidence regarding the defendant's ability to pay. *Id.* When the evidence does not support an order to pay attorney's fees, the proper remedy is to delete the order. *See Id.* at 557. *See also Anderson v. State,* No. 03–09–00630–CR, 2010 WL 2638465, at *3–4, 2010 Tex.App. LEXIS 5033, at *9 (Tex.App.-Austin, July 1, 2010, no pet.)(not designated for publication)(also modifying judgment to delete attorney's fees).

Here, the judgment implies the trial court might somehow approve, post-judgment, the assessment of court-appointed attorney's fees. Because no evidence of Appellant's ability to pay was introduced at trial, a correct judgment would reflect either "N/A" or "None." Accordingly, I would modify the judgment to delete the order to pay attorney's fees "as approved by the Judge" and I would substitute in its place the word "None."