

NUMBER 13-15-00287-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN TORRES RODRIGUEZ,                                      **Appellant,**

**v.**

THE STATE OF TEXAS,                                            **Appellee.**

## On appeal from the 36th District Court of San Patricio County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion by Justice Garza

A jury convicted appellant, Juan Torres Rodriguez, of possession of less than a gram of cocaine, a state-jail felony offense, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West, Westlaw through 2015 R.S.), and tampering with physical

evidence, a third-degree felony offense. *See* TEX. PENAL CODE ANN. § 37.09(a)(1), (c) (West, Westlaw through 2015 R.S.). The trial court sentenced him to eighteen months' confinement on the possession charge and to six years' confinement on the tampering charge, with the sentences ordered to run concurrently. By a single issue, appellant contends that the evidence is insufficient to support his conviction for tampering with physical evidence. We affirm.

## I. BACKGROUND

Aaron Putnam, a patrol sergeant with the Sinton Police Department, testified that, around 11:30 p.m. on the evening of September 3, 2012, he observed appellant walking toward an apartment complex in Sinton, Texas, with a beer in his hand. Officer Putnam knew that appellant's girlfriend lived at the apartment complex and that appellant had been given a criminal trespass warning for the property because Officer Putnam had arrested appellant for criminal trespass two days earlier, on September 1, on the same property. Officer Putnam approached appellant and attempted to handcuff him. Appellant resisted being handcuffed. The officer observed a baggie in appellant's right hand; when asked about the baggie, appellant turned away to block Officer Putnam's view of his hands. Officer Christian Martinez arrived and assisted in the arrest. Appellant moved the contents of his right hand to his left hand and began clenching his left hand rapidly "as if he was trying to grind something up." The officers managed to pry the baggie containing suspected crack cocaine from appellant's hand.

On cross-examination, defense counsel asked Officer Putnam whether he knew that the criminal trespass charge was dismissed; Officer Putnam responded that he did not. Officer Putnam admitted that the officers struggled with appellant on the ground, face-down, before they were able to pry the baggie from appellant's hand.

2

Officer Martinez testified that he responded to a backup call from Officer Putnam on the night of the incident. When Officer Martinez arrived, appellant was already in handcuffs, but was "fidgeting" with an item in his hands. The officers tried unsuccessfully to retrieve the item from appellant's hands. The officers placed appellant on the ground and repeatedly instructed him to open his hands, but he refused. Officer Putnam struck appellant's left fist with his flashlight a few times; appellant finally opened his hand to reveal the baggie containing the suspected cocaine. On cross-examination, Officer Martinez stated that appellant was transported by EMS to a hospital for a few hours because he was complaining of back pain.[1] The State rested.

Delphino Bustamante testified for the defense. Bustamante testified that on the night of September 1, 2012—two days before the incident at issue—he picked appellant up and took him to obtain medication for Mary Reese, appellant's girlfriend. On the return trip, Officer Putnam turned on his lights and pulled the vehicle over. Bustamante stated that the only place to pull over was the parking lot of the apartment complex. Officer Putnam opened the rear passenger-side door where appellant was sitting and asked, "Where are the drugs? Where are the drugs?" Officer Putnam pulled appellant out of the car and arrested him for criminal trespassing. Bustamante said that the officer permitted him to leave.

Reese testified that she has been appellant's girlfriend since January 2010. When she began seeing appellant, she was separated from her ex-husband, who was formerly employed as a City of Sinton police officer. Reese testified that since she began seeing

---

[1] The State also presented the testimony of Scott Roush, the detective that submitted the cocaine evidence to the Texas Department of Public Safety Crime Lab, and the testimony of Natalia Sanchez, a forensic scientist with the Texas Department of Public Safety Crime Lab in Laredo, Texas, who confirmed that the substance in the baggie was cocaine.

appellant, they have both been repeatedly harassed by Sinton police officers. She stated that they have been stopped on numerous occasions. She stated that Officer Putnam has followed her to the grocery store and followed her home. On another occasion, Officer Putnam pulled her over because he claimed that she had an inoperative brake light; Reese stated that the brake light was not out. On that occasion, Officer Putnam searched her vehicle. Reese testified that she has not known appellant to use cocaine.

Reese stated that on the night of the incident, she met appellant outside her apartment and they talked for a short while. Appellant walked with her back to her apartment to ensure that she made it inside safely. As soon as appellant stepped onto the driveway leading to the back parking lot, Officer Putnam rushed out and told appellant he was under arrest for criminal trespassing. Reese watched as Officer Putnam handcuffed appellant. Officer Putnam asked appellant what he had in his hands; appellant opened his hands and his lighter fell out. Officer Putnam was very aggressive, even though appellant was not resisting. Officer Martinez arrived. Appellant was moving his hands around because the handcuffs were very tight. Officer Martinez said that appellant had something in his hands. Both officers knocked appellant to the ground face-down. Office Putnam had one leg on appellant's back and began hitting him with the flashlight, instructing him to open his hands. Appellant had his hands clenched.

Appellant called out to Reese, asking her to summon an ambulance because he was in pain. Appellant had a history of back surgeries and was physically disabled. Reese stated that she observed the entire incident and that neither officer ever said anything about finding cocaine. Appellant sought medical treatment after the incident and had two surgeries following the incident. Photographs of appellant's injuries taken the day after the incident were introduced as evidence. Reese stated that because of the

4

incident, she and her daughter were evicted from the apartment complex. She stated that the complex is low-income housing and that it is not unusual to find narcotics in the area. Reese did not see either officer remove a baggie of cocaine from appellant's hands.

Reese testified that several weeks before the incident, appellant was dropped off at her apartment. The police knocked on the door around 2:00 a.m. and asked to search her apartment. The police said that a car similar to Reese's was involved in a domestic disturbance. According to Reese, during the two years following the September 3, 2012 incident leading up to the trial in December 2014, appellant had been stopped and searched on several occasions by Officer Putnam.

On cross-examination, Reese admitted that appellant had a no-trespassing warning regarding her apartment complex. On redirect examination, Reese stated that the warning specified that it applied to apartment 34, where appellant's mother resided at the time.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

In evaluating the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the defendant guilty of all of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). When the State pleads a specific element of a penal offense that has statutory alternatives for that element, the sufficiency of the evidence will be measured by the element that was actually pleaded, and not any alternative statutory elements. *Cada v. State*, 334 S.W.3d 766, 774 (Tex. Crim. App. 2011) (citing *Planter v. State*, 9 S.W.3d 156, 159 (Tex. Crim. App. 1999); *Fuller v. State*, 73 S.W.3d 250, 255–56 (Tex. Crim. App. 2002) (Keller, P.J., concurring); *Macias v. State*, 136 S.W.3d 702, 705–06 (Tex. App.—Texarkana 2004, no pet.)). The due-process guarantee requires proof beyond a reasonable doubt to support every element of the offense alleged and demands that we reverse and order a judgment of acquittal if a rational trier of fact would [necessarily] entertain a reasonable doubt as to the defendant's guilt. *Swearingen*, 101 S.W.3d at 95.

*Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014).

The *Jackson* standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). We must determine whether the inferences made by the trier of fact are reasonable based on the "cumulative force of all the evidence." *Id.* We conduct this review by measuring the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc); *see Adames*, 353 S.W.3d at 860 (measuring the evidentiary sufficiency with "explicit reference to the substantive elements of the criminal offenses as defined by state law").

Section 37.09(a)(1) of the Texas Penal Code defines the offense of tampering with physical evidence with three elements: (1) knowing that an investigation or official proceeding is pending or in progress; (2) a person alters, destroys, or conceals any record, document, or thing; (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. *See* TEX. PENAL CODE ANN. § 37.09(a)(1); *Rabb*, 434 S.W.3d at 616 (citing *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008)). As authorized by the indictment in this case, the State was required to show that appellant (1) knowing that an investigation was in progress, (2) concealed a plastic baggie of suspected cocaine, (3) with intent to impair its availability as evidence in the investigation. *See* TEX. PENAL CODE ANN. § 37.09(a)(1).

> The three elements of section 37.09(a)(1) include "two different culpable mental states"—knowledge and intent. *Stewart v. State*, 240 S.W.3d 872, 874 (Tex. Crim. App. 2007). The statute requires the knowledge of an investigation and the intent to impair a thing's availability as evidence. As defined by the Texas Penal Code, "[a] person acts

6

knowingly, or with knowledge, with respect . . . to circumstances surrounding his conduct when he is aware . . . that the circumstances exist." TEX. PENAL CODE ANN. § 6.03(b) [West, Westlaw through 2015 R.S.]. In contrast, "[a] person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his conscious objective or desire to . . . cause the result." [*Id.*] § 6.03(a).

*Williams*, 270 S.W.3d at 142–43.

### III. DISCUSSION

Appellant challenges the sufficiency of the evidence as to each of the elements: knowledge of an investigation, concealment, and intent to impair. We address each in turn.

### A. Knowledge of Investigation

Appellant first argues that the evidence was insufficient to show that he knew an investigation was in progress because he "knew that the trespass charges against him were dismissed or 'no charged' by the county attorney." However, in support of this assertion, appellant cites to a portion of the record in which defense counsel, on cross-examination, asked Officer Putnam: "Do you realize that that alleged charge was dismissed? It was no charge[d] by the county attorney?" Officer Putnam responded, "I didn't know that." Even if we assume that the criminal trespass charge was later dismissed—and there is nothing in the record that reflects that it was—that allegation sheds no light on what appellant knew about the status of the criminal trespass charges at the time appellant was arrested. Officer Putnam testified that he knew that appellant had an active criminal trespass warning for the apartment complex. On September 1, two days prior to the arrest at issue, Officer Putnam arrested appellant on the same property for criminal trespass. On that occasion, Officer Putnam confirmed with dispatch that appellant had an active criminal trespass warning for the complex. Reese also

7

testified that appellant had a criminal trespass warning for an apartment on the property. The jury could have reasonably inferred that appellant knew he was being arrested for criminal trespass. *See Adames*, 353 S.W.3d at 860.

Appellant argues that the evidence was "insufficient to show that he knew an investigation was in progress prior to any alleged act of concealment." Here, the indictment alleged that appellant concealed the baggie "knowing that an investigation was in progress, to-wit: suspicious activity investigation . . . ." Appellant appears to argue that, for his actions to fall within the purview of section 37.09, the evidence must show that he had already committed a separate criminal offense because otherwise, he could not have known that an investigation was pending. The court of criminal appeals has rejected a similar argument. In *Williams*, the investigation-in-progress was a weapons investigation. 270 S.W.3d at 144. In the course of an investigatory pat-down, a crack pipe fell to the ground and the defendant stepped on it and crushed it. *Id.* at 142. The court of criminal appeals held that the title of the investigation and the evidence allegedly tampered with did not have to "match" in order for there to be a violation of section 37.09(a)(1), so long as the tampering was committed with the intent to impair its availability as evidence in any investigation that the offender knows is pending. *Id.* at 145; *see also Rabb v. State*, 483 S.W.3d 16, 23 (Tex. Crim. App. 2016 ("There is no requirement that the title of the investigation and evidence that was destroyed or concealed match."). Here, Officer Putnam testified that he had arrested appellant two days earlier on the same property for criminal trespass. In addition, Reese testified that when Officer Putnam first appeared, he told appellant, "[y]ou're under arrest for criminal trespassing. You know you're not supposed to be here." This evidence is sufficient to prove that appellant knew that an offense had been committed. *See Rabb*, 483 S.W.3d

at 23 (finding that testimony of officers that they informed defendant of the reason they were questioning him was sufficient to prove that defendant knew an offense had been committed); *see also Curtis v. State*, No. 04-14-00236-CR, 2015 WL 672228, at *2 (Tex. App.—San Antonio Feb. 11, 2015, no pet.) (mem. op., not designated for publication) (finding evidence for tampering with evidence sufficient where officer informed defendant he was investigating defendant for criminal trespass and defendant swallowed substance that appeared to be crack cocaine).

## B. Concealment

Appellant also argues that the evidence is insufficient to establish that he concealed the drugs in his hand "because the drugs never left his hand, and it was at all times visible and in plain view to the police." We disagree.

While "conceal" is not defined by the statute, courts have held it means to hide, to remove from sight or notice, or to keep from discovery or observation. *See Gaitan v. State*, 393 S.W.3d 400, 401–02 (Tex. App.—Amarillo 2012, pet. ref'd); *Rotenberry v. State*, 245 S.W.3d 583, 588–89 (Tex. App.—Fort Worth 2007, pet. ref'd). Appellant cites *Blanton v. State* in support of his argument. Nos. 05-05-01060-CR & 05-05-01061-CR, 2006 WL 2036615, at *2 (Tex. App.—Dallas March 21, 2007, pet. ref'd) (not designated for publication). In *Blanton*, an officer signaled the defendant to stop for a traffic violation; before the defendant stopped, he threw two plastic baggies out the window. *Id.* at *1. Although the bags were ripped, they contained a measurable amount of crack cocaine and marijuana. *Id.* The indictment alleged that the defendant knowingly altered, destroyed, or concealed the cocaine. *Id.* The Dallas Court of Appeals found that the evidence was insufficient to establish that the defendant concealed or destroyed the cocaine, but was sufficient to establish that he altered the evidence. *Id.* at *2.

9

We find *Blanton* to be inapplicable to the facts in the present case. Here, Officer Putnam testified that after he asked appellant what was in his hands, appellant turned away and tried to keep his hands away from the officer's view. He also testified that appellant "switched" whatever was in his right hand to his left hand. According to Officer Putnam, appellant refused to open his hand when instructed to do so, and the officers had to pry his hand open. Officer Martinez testified that appellant was "fidgeting" with something in his hands and was trying to put it in his back pocket. He stated that the officers instructed appellant repeatedly to open his hand, but appellant "wouldn't let go of the item" until Officer Putnam struck appellant's fist a couple of times with his flashlight. This evidence is sufficient to establish that appellant concealed the baggie of cocaine. *See Gaitan*, 393 S.W.3d at 402 ("That his effort was ultimately unsuccessful matters little; the factfinder had before it some evidence from which it could legitimately deduce that appellant was 'hiding' what he had from the officers called to investigate the disturbance.").

## C. Intent to Impair Availability as Evidence

Finally, appellant argues that the evidence is insufficient to establish that he intended to impair the availability of the cocaine as evidence. According to appellant, "[t]he grinding of the baggie would not have destroyed or made the cocaine disappear." As the Texarkana Court of Appeals has held, the tampering statute "does not require that the evidence be made useless to the investigation or proceeding by its concealment; rather, it requires that the defendant have acted with the intent to impair its usefulness in the investigation or the proceeding." *Lewis v. State*, 56 S.W.3d 617, 625 (Tex. App.— Texarkana 2001, no pet.). Officer Putnam testified that appellant was clenching the baggie in his hand "rapidly as if he was trying to grind something up." This evidence is

10

sufficient to establish that appellant had the requisite intent to impair the availability of the cocaine as evidence. *See id.* Moreover, appellant's attempts to conceal the cocaine show that he had the intent to impair its availability as evidence. *See id.*

We conclude that the evidence discussed above and the reasonable inferences to be derived from the evidence were sufficient to permit a rational jury to conclude, beyond reasonable doubt, that appellant intended to conceal the cocaine and intended to impair its availability as evidence against him while knowing that an investigation was in progress. *See* TEX. PENAL CODE ANN. § 37.09(a)(1). The evidence is sufficient to support appellant's conviction. We overrule his sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of June, 2016.

11