# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00266-CR

Russel Bradley Turner, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
NO. A-15-1010-SB, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N[1]

A jury found appellant Russel Bradley Turner guilty of possession of a controlled substance, methamphetamine, with intent to deliver in an amount of four grams or more but less than 200 grams, a first-degree felony, *see* Tex. Health & Safety Code § 481.112(d), tampering with physical evidence, a third-degree felony, *see* Tex. Penal Code § 37.09(a), (c), and evading arrest or detention with a vehicle, a third-degree felony, *see id.* § 38.04(a), (b)(2)(A). All three offenses were enhanced with a previous felony conviction. *See id.* § 12.42. The jury assessed punishment at 30 years in prison for possession of a controlled substance with intent to deliver, 10 years in prison and a $2,500 fine for tampering with physical evidence, and 10 years in prison and a $2,500 fine for

---

[1] Notice of appeal for this case was originally filed in this Court in December 2016, at which time the case was transferred to the El Paso Court of Appeals in compliance with a docket-equalization order issued by the Texas Supreme Court. On April 12, 2018, the Texas Supreme Court ordered that certain cases be transferred back to this Court from the El Paso Court, and we consider this appeal pursuant to that order. *See* Misc. Docket No. 18-9054 (Tex. Apr. 12, 2018) (per curiam).

evading arrest or detention.  The trial court rendered judgments consistent with the jury's verdicts.  In four points of error, Turner contends on appeal that the evidence is insufficient to support his convictions.  We will affirm the trial court's judgments of conviction.

## BACKGROUND[2]

In October 2015, Officer Mark Baker of the Tom Green County Sheriff's Office observed a vehicle that he believed was speeding.  Officer Baker activated his radar, and his radar indicated that the vehicle was traveling at 44 miles per hour, which was faster than the posted speed limit of 30 miles per hour.  Officer Baker activated his emergency lights and tried to pull the vehicle over.  The vehicle sped up, reaching a maximum speed of about 60 miles per hour, and made two turns before coming to a stop.  Officer Baker ordered the driver, who was identified as Turner, to step out of the vehicle.  After a backup officer arrived, Officer Baker placed Turner under arrest for evading arrest with a vehicle.

Officers then conducted an inventory of Turner's vehicle before impounding it.  They discovered a zippered bag containing a digital scale and numerous small clear baggies.  The scale had a residue on it that Officer Baker believed to be illegal drugs.  The officers also found three Pall Mall cigarette packages in the floorboard.  Officer Baker suspected that Turner might have thrown something out of the vehicle window before pulling over and asked another officer to search the area.  In a ditch, the officer found a Pall Mall cigarette package containing a glass pipe with residue on it that Officer Baker believed to be methamphetamine.  The officer also found a purple

---

[2] The facts recited in this opinion are taken from the testimony and exhibits admitted at trial.

zipped bag containing 13 baggies, each of which contained a white substance that Officer Baker believed to be methamphetamine. Later tests indicated that the substance in the baggies was in fact methamphetamine.

Turner was later tried and convicted, and this appeal followed.

**STANDARD OF REVIEW**

In evaluating the sufficiency of the evidence supporting a jury's verdict, we view the evidence in the light most favorable to the verdict and ask whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012) (quoting *Brooks v. State*, 323 S.W.3d 893, 902 n.19 (Tex. Crim. App. 2010)). We are instructed only to "ensure that the evidence presented supports the jury's verdict and that the state has presented a legally sufficient case of the offense charged." *Id.* "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses," and if "the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination." *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt." *Id.*

**DISCUSSION**

**Evading Arrest or Detention**

In his first point of error, Turner contends that the evidence was insufficient to support his conviction for evading arrest or detention with a vehicle because the evidence did not

3

establish that he knew that Officer Baker was trying to arrest or detain him. A person commits evading arrest or detention with a vehicle "if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him" and uses a vehicle while in flight. *See* Tex. Penal Code § 38.04(a), (b)(2)(A).

At trial, Officer Baker testified that he activated his siren and overhead lights when trying to pull Turner over for speeding. He further testified that, instead of stopping, Turner sped up and drove for about eight-tenths of a mile (which included two turns) before pulling over. Officer Baker's vehicle recorded a video of the incident, which we have reviewed. The video shows Officer Baker parked on the right side of the road at night. Turner's vehicle drives past Officer Baker and stops at a stop sign. As Turner resumes moving forward past the stop sign, Officer Baker immediately follows him and activates his overhead lights. Officer Baker's camera recorded his speed and shows that Officer Baker and Turner traveled at speeds up to around 60 miles per hour during the pursuit. On the video, Turner makes a sharp right-hand turn, later goes around a curve, and then pulls over.

Viewing this evidence in the light most favorable to the jury's verdict, we conclude that the evidence was sufficient to support Turner's conviction for evading arrest or detention with a vehicle because a reasonable fact-finder could have found that Turner intentionally fled from a person whom he knew to be a peace officer lawfully attempting to arrest or detain him. When Officer Baker began to pursue Turner and activated his overhead lights, Turner sped off, traveling at speeds of up to 60 miles per hour on a small rural road at night. Officer Baker followed closely behind Turner, from which the jury could have inferred that Turner was able to see the flashing

4

lights. Although Turner testified that he did not pull over at first because he thought the vehicle behind him was an ambulance rather than a police officer, the jury could have concluded that Turner attempted to flee after he saw Officer Baker activate his overhead lights. *See Dobbs*, 434 S.W.3d at 170 (noting that "[t]he jury is the sole judge of credibility and weight to be attached to the testimony of witnesses"); *see also State v. Garcia-Cantu*, 253 S.W.3d 236, 245 n.43 (Tex. Crim. App. 2008) (stating that use of police emergency lights constitutes show of authority); *Deloach v. State*, No. 03-13-00049-CR, 2015 WL 756759, at *2 (Tex. App.—Austin Feb. 19, 2015, pet. ref'd) (mem. op., not designated for publication) (same); *Gilbert v. State*, 874 S.W.2d 290, 295 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (same).

Because we conclude that the evidence was sufficient to support Turner's conviction for evading arrest or detention with a vehicle, we overrule his first point of error.

**Tampering with Physical Evidence**

In his second and third points of error, Turner contends that the evidence was insufficient to support his conviction for tampering with physical evidence. "A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he . . . alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding . . . ." Tex. Penal Code § 37.09(a)(1). Here, the indictment alleged that Turner, "knowing that an investigation was in progress, to-wit: a traffic stop, intentionally and knowingly conceal[ed] a bag with intent to impair its availability as evidence in the investigation."

5

Turner argues that the evidence was insufficient to show that he threw the contraband out of his vehicle that an officer later found on the side of the road. At trial, Officer Baker testified that he suspected Turner threw objects out of his window during the pursuit and that he asked another officer to search the area over which the pursuit had occurred. The other officer testified that he found the contraband in the ditch at the side of the road along the path of the pursuit. He also testified that the grass around the contraband looked freshly mown and that there was no debris or grass on top of the contraband. An officer also testified that the video shows objects being thrown out of Turner's window.[3]

Viewing this evidence in the light most favorable to the jury's verdict, we conclude that a reasonable fact-finder could have found that Turner threw the contraband from his vehicle's window. The contraband was lying on top of freshly mown grass, from which the jury could have inferred that it had not been lying there very long. Moreover, the officer discovered the contraband along the path of the pursuit on a rural road at night with no other traffic nearby, suggesting that it was Turner who threw the objects there. In addition, one of the objects containing contraband was a Pall Mall cigarette package, and officers found three Pall Mall cigarette packages in the floorboard of Turner's vehicle.

Turner also argues that, even if he did throw the contraband out of his window, he did not know there was an investigation in progress when he did so. However, as discussed above,

---

[3] Having reviewed the video, we cannot detect the objects that the officers allegedly saw being thrown out of Turner's window, but we also cannot conclude with certainty that the officers were unable to detect the objects on the video. One of the officers testified that they viewed the video on a large screen, and it is possible that this allowed them to detect the objects.

we have concluded that the jury could have found that Turner did know that there was an "investigation or official proceeding," *see id.*, in progress, because he would have seen the officer pursuing him with overhead lights flashing and known, or should have known, that he was speeding. Turner further argues that, in any event, his decision to throw the contraband out of the window was not related to the pending investigation for speeding, but rather to his desire to distance himself from the contraband. However, Turner has cited no authority for the proposition that a person can only tamper with evidence if the evidence he concealed or destroyed was directly related to the offense for which he was being investigated, and we are not aware of any. Indeed, the Texas Court of Criminal Appeals has rejected that argument. *See Williams v. State*, 270 S.W.3d 140, 145 (Tex. Crim. App. 2008) (concluding that evidence was sufficient to support appellant's conviction when appellant destroyed a crack pipe during a weapons investigation); *see also Rodriguez v. State*, No. 13-15-00287-CR, 2016 WL 3626097, at \*4 (Tex. App.—Corpus Christi June 30, 2016, no pet.) (mem. op., not designated for publication) ("The court of criminal appeals [in *Williams*] held that the title of the investigation and the evidence allegedly tampered with did not have to 'match' in order for there to be a violation of section 37.09(a)(1), so long as the tampering was committed with the intent to impair its availability as evidence in any investigation that the offender knows is pending.").

Turner also argues that he did not "conceal" the contraband because "the deputy found those materials easily." Turner further urges that none of the objects that he allegedly threw from the window were altered or destroyed. However, the State presented evidence that Turner threw the objects from a vehicle traveling at 30–60 miles per hour on a largely unlit rural road at night, that the objects landed in the ditch, and that officers only recovered the objects because

7

Officer Baker suspected that Turner had thrown something from his window and asked another officer to search the area. We therefore conclude that the evidence was sufficient to support the jury's finding that Turner concealed the contraband. *See Rodriguez*, 2016 WL 3626097, at \*5 ("While 'conceal' is not defined by the statute, courts have held it means to hide, to remove from sight or notice, or to keep from discovery or observation."); *Gaitan v. State*, 393 S.W.3d 400, 402 (Tex. App.—Amarillo 2012, pet. ref'd) ("That his effort was ultimately unsuccessful matters little; the factfinder had before it some evidence from which it could legitimately deduce that appellant was 'hiding' what he had from the officers called to investigate the disturbance."); *Howell v. State*, No. 05-09-00342-CR, 2010 WL 3222412, at \*4 (Tex. App.—Dallas Aug. 17, 2010, no pet.) (mem. op., not designated for publication) (affirming conviction for tampering with evidence when defendant threw a box containing contraband from his vehicle and officers discovered the box when searching the area).

Because we have concluded that the evidence was sufficient to support Turner's conviction for tampering with physical evidence, we overrule his second and third points of error.

**Possession of a Controlled Substance with Intent to Deliver**

In his fourth point of error, Turner contends that the evidence was insufficient to support his conviction for possession of a controlled substance with intent to deliver because the evidence was insufficient to link him to the contraband. However, as discussed above, we have concluded that there was sufficient evidence that Turner threw the contraband out of his window

while being pursued.[4]  The State presented evidence that the contraband was discovered on the top of freshly mown grass on the side of a rural road at night along the path of the pursuit and that one of the objects found in the ditch was a Pall Mall cigarette package similar to three Pall Mall cigarette packages found in Turner's vehicle.  The State also presented evidence that Turner's vehicle contained a digital scale and small baggies, suggesting that he intended to distribute the drugs.  Therefore, viewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence to support Turner's conviction for possession of a controlled substance with the intent to deliver, and we overrule his fourth point of error.

## CONCLUSION

Having overruled Turner's points of error, we affirm the trial court's judgments of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:  June 19, 2018

Do Not Publish

---

[4] On appeal, Turner does not argue that he threw the objects out of his window but did not know that they were contraband.  He concedes, "The objects in the ditch obviously appear to be contraband when closely examined."  Thus, Turner argues only that the evidence was insufficient to prove that he threw the objects from the window.