

# NUMBER 13-14-00316-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                          Appellant,

v.

MARY ZUNIGA,                                                                Appellee.

## On appeal from the 347th District Court
## of Nueces County, Texas.

## OPINION ON REMAND

### Before Justices Rodriguez, Contreras,[1] and Longoria
### Opinion on Remand by Justice Rodriguez

This case is before us on remand from the Texas Court of Criminal Appeals.   *See*

*State v. Zuniga*, 512 S.W.3d 902, 909 (Tex. Crim. App. 2017).   By one issue, appellant

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza.   *See* TEX. FAM. CODE ANN. § 45.101 *et seq.* (West, Westlaw through 2017 1st C.S.).

the State of Texas challenges the trial court's order quashing count one of the indictment which alleges that appellee Mary Zuniga tampered with physical evidence, a third-degree felony. *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (West, Westlaw through 2017 1st C.S.). We reverse and remand.

## I.  FACTUAL BACKGROUND

As set out by the court of criminal appeals, a police officer pulled Zuniga over for allegedly running a stop sign in front of her home. *Zuniga*, 512 S.W.3d at 904. The officer observed a bottle of liquid medicine in Zuniga's vehicle. *Id.* After Zuniga was unable to produce a valid prescription for the medicine, the officer placed Zuniga under arrest.[2] *Id.* At the hearing on Zuniga's motion to quash the indictment, the State provided the following recitation of events:

> They handcuffed her and put her in the back of the car, this is all on video. As she's sitting in the back of the police car with her hands handcuffed behind her back, you see her on the video moving her hands towards her side, reaching into her crotch area, pulling something out with her hands cupped because apparently she knows an officer is watching her. Moves her hands towards her mouth and moves her head down, like she swallowed something . . . whatever she needed to swallow . . . .[3]

The State also stipulated at the hearing that an officer would testify at trial that he saw Zuniga swallow a white substance in a baggie. The State claimed that it suspected Zuniga had swallowed either cocaine or a pill.

The officer took Zuniga to the hospital where medical professionals pumped Zuniga's stomach and took an x-ray. *Id.* They found no illegal substance or baggie.

---

[2] At the hearing, defense counsel informed the trial court that Zuniga later provided valid prescriptions—the medicine was for her children.

[3] The referenced video, while viewed at the hearing, does not appear in the appellate record.

*Id.* The State neither tested the results of Zuniga's stomach purge for an illegal substance nor requested any testing of her blood. *Id.*

## II. PROCEDURAL BACKGROUND

The State indicted Zuniga on tampering with physical evidence.[4] Count 1 of the indictment read:

> Zuniga . . . on or about, December 29, 2013, in Nueces County, Texas, did then and there, while knowing that an investigation was in progress, to wit: a drug investigation, intentionally and knowingly alter, or destroy, or conceal an unknown substance[5] with intent to impair its verity or availability as evidence in any subsequent investigation or official proceeding related to the offense.

Zuniga filed her motion to quash claiming that the indictment failed as a matter of form and of substance. She argued that the indictment was deficient in three ways: (1) it failed to set forth the offense in plain or intelligible language; (2) it failed to allege two necessary elements of the offense—the identity of the tampered-with thing and how it was altered, destroyed, or concealed; and (3) it failed to adequately inform her of the act(s) the State intended to rely upon to constitute the crime of tampering with evidence. *See* TEX. PENAL CODE ANN. § 37.09(a)(1); *Rabb v. State,* 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) (citing *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008)).

At the hearing, the State responded that it was not required to allege the identity of the tampered-with evidence because Zuniga's commission of the offense rendered that

---

[4] Based on Zuniga's conduct after the alleged tampering, the State also charged Zuniga with a second count—assault on a public servant. *State v. Zuniga*, 512 S.W.3d 902, 904, n.2 (Tex. Crim. App. 2017). The only count at issue in this appeal is the count alleging that Zuniga tampered with physical evidence. *Id.*

[5] The State amended the indictment on May 9, 2014, to add the written phrase "an unknown substance."

3

evidence unidentifiable. The State also argued that the elements of the offense only required the State to prove Zuniga altered, concealed, or destroyed some "thing." The State appeared to be arguing that the identity of the tampered-with evidence was an evidentiary matter that did not have to be pleaded in the indictment. *See Zuniga*, 512 S.W.3d at 905.

According to the court of criminal appeals, the record of the motion-to-quash hearing shows that,

> The trial court saw two problems with the State's case. First, the trial court explained that the State was required to give more notice than simply alleging a "thing." Second, the trial court expressed concern that the State had to prove that Zuniga knew an investigation was pending. After a break in the hearing, the trial court granted Zuniga's motion to quash, stating that "the requirements of 21.02 of the Texas Code of Criminal Procedure had not been met."[6] The trial court further held that the indictment failed to inform the defendant of the acts that the State would rely upon to constitute the crime of tampering.

*Id.* at 905. In sum, "[t]he trial court agreed [with Zuniga] quashing the indictment and stating that the indictment failed to provide sufficient notice." *Id.* at 909. This appeal followed.

On July 16, 2015, we issued a memorandum opinion reversing and remanding the case to the trial court because "the identity of the destroyed thing is evidentiary and is not required to be included in the indictment." *State v. Zuniga*, No. 13-14-00316-CR, 2015 WL 4381064, at *3 (Tex. App.—Corpus Christi July 16, 2015) (mem. op., not designated for publication), *aff'd in part and remanded in part*, 512 S.W.3d at 909. We concluded

---

[6] Article 21.02(7) provides that "[t]he offense must be set forth in plain and intelligible words." TEX. CODE CRIM. PROC. ANN. art. 21.02(7) (West, Westlaw through 2017 1st C.S.).

4

that because the identity of the tampered-with thing did not have to be identified as an element in the indictment, the trial court erred in holding otherwise and in quashing Zuniga's indictment on Count 1. *Id.*

Zuniga appealed our ruling to the Texas Court of Criminal Appeals. *See Zuniga*, 512 S.W.3d at 906. That court agreed with our holding that the specific identity of the tampered-with evidence need not be pleaded in the indictment because its identity is evidentiary and is not an element of the offense. *Id.* at 908. It reasoned that

> [t]he only "element" the State must allege in the indictment is whether the evidence at issue was "a record, a document, or a thing." By alleging that Zuniga tampered with "an unknown substance," the State seeks to prosecute Zuniga for tampering with a "thing," rather than a "record" or a "document." Thus, we agree with the State and the court of appeals that 1) the State alleged every element of the offense of tampering with evidence when it amended its indictment and 2) the specific identity of the tampered-with evidence was not an element of the offense.

*Id.*

Nonetheless, the court of criminal appeals determined that we did not take the required second step of analyzing "whether the terms of the statute are sufficiently descriptive of the charged offense" such that an indictment utilizing only those terms would provide the defendant with adequate notice to prepare her defense. *Id.* at 909. The court remanded the case to provide us with an opportunity to address notice—a second legal theory upon which the trial court could have based its decision to quash Zuniga's indictment. *See id.*

### III. NOTICE

On remand, the State contends the indictment that tracked the language of the tampering statute provided sufficient notice. *See* TEX. PENAL CODE ANN. § 37.09. The

5

State argues that the use of "substance" clearly conveyed the same meaning as charging a "thing." It also asserts that the indictment "narrow[ed] down the unknown substance to some thing that the defendant allegedly altered, destroyed or concealed on or about the date in question in an apparent attempt to impair its validity or availability as evidence in a drug investigation." The State urges that the indictment did not have to allege how Zuniga altered, destroyed, or concealed the unknown substance to provide sufficient notice because the "additional identifiers should be sufficient for the indictment to pass muster."

In response, Zuniga claims that her indictment is inadequate to provide notice of the specific offense charged because it tracks the language of the tampering statute, language that does not completely describe a criminal act. She asserts that the language contained in her indictment, specifically, "unknown substance" and "alter," "destroy," or "conceal," is of such indeterminate or variable meaning that the indictment fails to provide her with adequate notice of what criminal acts she is accused of committing.

## A. Standard of Review

The sufficiency of a charging instrument presents a question of law that we review de novo. *Zuniga*, 512 S.W.3d at 906; *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010); *State v. Barbernell*, 257 S.W.3d 248, 251–52 (Tex. Crim. App. 2008). We should uphold the trial court's ruling if correct under any legal theory applicable to the case. *Zuniga*, 512 S.W.3d at 906 (citing *State v. Rhinehart*, 333 S.W.3d 154, 161 (Tex. Crim. App. 2011)). The notice requirement "may be satisfied by means other than the

6

language in the charging instrument." *State v. Moff*, 154 S.W.3d 599, 603 (Tex. Crim. App. 2004) (citing *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003)); *see also Stahmann v. State*, 548 S.W.3d 46, 63–64 (Tex. App.—Corpus Christi 2018, pet. filed).

**B.    Applicable Law**

The pertinent language of section 37.09(a)(1) defines tampering with or fabricating physical evidence as follows:   "A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he . . . alters, destroys, or conceals any . . . thing with intent to impair its . . . verity, legibility, or availability as evidence in the investigation or official proceeding."   TEX. PENAL CODE ANN. § 37.09(a)(1).

To satisfy the defendant's constitutional right to notice, an indictment must be specific enough to inform her of the nature of the accusation against her so that she can prepare a defense.   *Zuniga*, 512 S.W.3d at 906 (citing *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007)); *Moff,* 154 S.W.3d at 601; *see* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. arts. 21.01–.31 (West, Westlaw through 2017 1st C.S.) (providing legislative guidance concerning the requirements and adequacy of an indictment).   In most cases, when an indictment tracks the language of a penal statute, it will satisfy constitutional and statutory notice requirements.   *Zuniga*, 512 S.W.3d at 907 (citing *Barbernell*, 257 S.W.3d at 251).   However, an indictment that tracks the statutory language may be insufficient when that language "fails to be completely descriptive."   *Id.*; *see State v. Mays,* 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) (en banc).   For example, statutory language is not completely descriptive where

the prohibited conduct is statutorily defined to include more than one manner or means of commission. *Zuniga*, 512 S.W.3d at 907. In that case, "an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses." *Id.* In addition, statutory language is not completely descriptive where it uses an undefined term of indeterminate or variable meaning; in such a case, more specific pleading is required to notify the defendant of the nature of the charges against him. *Id.*; *Mays*, 967 S.W.2d at 407.

## C.    Discussion

Tracking the language of section 37.09(a)(1), the indictment alleged that knowing a drug investigation was in progress, Zuniga altered, destroyed, or concealed an unknown substance with the intent to impair its verity or availability as evidence in any further investigation or official proceeding related to the offense. *See* TEX. PENAL CODE ANN. § 37.09(a)(1). The State claims the indictment provided Zuniga with adequate notice. Zuniga claims it did not. We agree with the State.

### 1.    Manner or Means

The tampering statute identifies the manner or means of the act of tampering with evidence in three ways—alters, destroys, or conceals. *See id.*; *Mays*, 967 S.W.2d at 407. These three means by which tampering can be accomplished "highlight the relatively restricted scope of the statute to acts that physically manipulate the evidence in question." *Rotenberry v. State*, 245 S.W.3d 583, 588–89 (Tex. App.—Fort Worth 2007, pet. ref'd).

8

Although the statutory language of section 37.09(a)(1) is not completely descriptive because the prohibited conduct is statutorily defined to include multiple ways of tampering with evidence, the indictment did identify all three statutory means it addressed. *See Zuniga*, 512 S.W.3d at 907. Therefore, the indictment did not fail for lack of specificity. *See id.* And as discussed below, the indictment charging Zuniga with tampering with physical evidence was sufficient because the statutory language it tracked was sufficiently descriptive of the offense. *See id.*; *see Mays,* 967 S.W.2d at 406.

As the State acknowledges, the penal code does not define the terms "alter," "destroy," or "conceal"; it does not define what physical manipulation is required for each means. *See* TEX. PENAL CODE ANN. § 37.09(a)(1); *id.* § 37.01 (West, Westlaw through 2017 1st C.S.) (the definitional section of chapter 37); *id.* § 1.07 (West, Westlaw through 2017 1st C.S.) (the general definitional section of the penal code); *see also Rotenberry*, 245 S.W.3d at 588–89. "In the absence of statutory definitions, 'we turn to the common, ordinary meaning of that word.'" *Williams*, 270 S.W.3d at 146 (quoting *Olivas v. State*, 203 S.W.3d 341, 345 (Tex. Crim. App. 2006)). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West, Westlaw through 2017 1st C.S.).

Courts have held that "conceal" as used in section 37.09 means to hide, to remove from sight or notice, or to keep from discovery or observation. *See Stahmann*, 548 S.W.3d 54–55; *Hines v. State*, 535 S.W.3d 102, 110 (Tex. App.—Eastland 2017, pet. ref'd) (quoting Conceal, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2004)); *Gaitan v. State*, 393 S.W.3d 400, 401–02 (Tex. App.—Amarillo 2012, pet. ref'd);

9

*Rotenberry*, 245 S.W.3d at 588–89 (quoting BLACK'S LAW DICTIONARY 306 (8th ed. 2004)). In addition, the court of criminal appeals has outlined definitions of "destroy" to include "to demolish; to tear down," "to ruin; to bring to naught; to spoil completely," "to take away the utility of; to make useless," "to put an end to; to do away with," and "to neutralize the effect of." *Williams*, 270 S.W.3d at 146 (quoting Noah Webster, WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 495 (2d ed. 1983)). Although a number of these definitions could be used to describe the offense of destroying, in *Williams*, the court interpreted "section 37.09(a)(1) to mean that a destroyed thing has been ruined and rendered useless." *Id.* "It has lost its identity and is no longer recognizable." *Id.* Focusing on the literal text of the statute and giving effect to each word if reasonably possible, the court of criminal appeals held that the "interpretation of 'destroy' is . . . distinct from 'conceal' and from 'alter,' which Webster's Dictionary defines as: 'to change; make different; modify.'" *Id.*

The statute is restricted to acts or means that physically manipulate the evidence in question, *see Rotenberry*, 245 S.W.3d at 588–89, and the indictment specifically identified those acts. Without statutory definitions, courts have relied on the common, ordinary meaning of alter, conceal, and destroy in the context of section 37.09 and have determined that those words are not variable or indeterminable in meaning. *See Zuniga*, 512 S.W.3d at 907; *see also* TEX. GOV'T CODE ANN. § 311.011(a); *Williams*, 270 S.W.3d at 146. We do likewise. Zuniga's indictment utilized words that provided her with notice of the charged acts of tampering such that she could prepare a defense in that regard. *See Zuniga*, 512 S.W.3d at 909.

10

### 2. "Unknown substance"

Zuniga also claims that the indictment's use of the phrase "unknown substance" did not provide her adequate notice of the thing with which she was to have allegedly tampered. While the use of "unknown substance" suggests that the State could not provide Zuniga with any further descriptive language, the State stipulated at the motion-to-quash hearing that an officer would testify that he saw Zuniga swallow a white substance in a baggie and claimed that it suspected Zuniga had swallowed either cocaine or a pill. With this information, we conclude Zuniga had adequate notice of the thing with which she tampered to prepare her defense. *See id.*

### 3. Summary

The indictment did not fail for lack of specificity as to the manner or means. *See id.* at 907, 909; *Mays*, 967 S.W.2d at 407. Notice regarding the thing altered, concealed, or destroyed was also provided at the motion-to-quash hearing. *See Moff*, 154 S.W3d at 603. Based on our de novo review, considering the language of the charging instrument and the State's comments at the hearing, we conclude that the notice requirement was met.[7] *See id.* Zuniga had adequate notice of the charge of tampering. *See Zuniga*, 512 S.W.3d at 906–07; *see also* TEX. CODE CRIM. PROC. ANN. art. 21.11; *Moff*, 154 S.W.3d at 601. The trial court erred in quashing Zuniga's indictment on Count 1. We sustain the State's issue.

---

[7] The State also argues that we should "peek at the facts [learned through discovery] to determine whether sufficient notice has been provided outside of the indictment" and that we should treat the indictment as a pleading device as opposed to a discovery device. Because this argument is not dispositive, we need not address it. *See* TEX. R. APP. P. 47.1.

## IV.    CONCLUSION

We reverse the trial court's order quashing Count 1 of the State's indictment and remand for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 27th
day of September, 2018.

12